**Roland N. PATTERSON, Appellant,**

v.

**Norman P. RAMSEY et al., Appellees.**

**No. 76–1655.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 15, 1977.

Decided March 31, 1977.

Larry S. Gibson, Baltimore, Md. (Charles C. Lee, Baltimore, Md., on brief), for appellant.

Ambrose T. Hartman, Deputy City Solicitor, Baltimore, Md. (Benjamin L. Brown, City Solicitor, Blanche G. Wahl, Chief Solicitor, Harvey L. Okun, Asst. City Solicitor, Baltimore, Md., on brief), for appellees.

Before CRAVEN and WIDENER, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

■ This is a frivolous appeal by a discharged school superintendent from the dismissal of his complaint brought under 42 U.S.C. § 1983 and directly under the Fourteenth Amendment. Since Dr. Patterson had no tenure and therefore no property interest in his job, *cf. Arnett v. Kennedy,* 416 U.S. 134, 151–52, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974),[1] the only question we need consider is whether, assuming stigmatization, there was notice and a sufficient hearing to afford Dr. Patterson an "opportunity to clear his name." *Board of Regents v. Roth,* 408 U.S. 564, 573 & n. 12, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). For where there is "no Fourteenth Amendment property interest in continued employment, the adequacy or even the existence of rea-

sons for failing to rehire him presents no federal constitutional question." *Codd v. Velger,* —— U.S. ——, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (decided February 22, 1977). Consequently, therefore, "the hearing required where a non-tenured employee has been stigmatized in the course of a decision to terminate his employment is *solely* 'to provide the person an opportunity to clear his name.'" *Id.* (emphasis added).

■ We hold that Dr. Patterson was given sufficient notice of his deficiencies and afforded amply sufficient opportunity to protect his "liberty" interest. *Board of Regents v. Roth, supra,* 416 U.S. at 572–75, 92 S.Ct. 2701. Indeed, it seems to us Dr. Patterson was accorded far more process than was constitutionally due.[2]

The victim here is not the fired superintendent. It is the uncompensated public-interest-motivated school board member subjected to hours and hours, days and days, lost weekend after weekend, of interminable administrative hearings.

For the reasons stated by the district judge in his 32-page memorandum of decision, the judgment below will be

*AFFIRMED.*

---

* Western District of Virginia, sitting by designation.

1.  Article VII of the Baltimore City Charter empowers the Board of School Commissioners "to appoint and *remove at pleasure,* following a hearing if requested, a Superintendent of Public Instruction." (Emphasis added.)

2.  Incredibly, the school board sat through six days of hearings recorded in 700 pages of transcript merely to "evaluate" the superintendent's services. But that was only the beginning. Before it was over, the proceedings cov-

ered 13 more days and consumed 60 *more* hours recorded in 2,500 pages of transcript, ending finally with this exhausting weekend schedule:

  Friday, July 11 – 5:30 p.m.–9:30 p.m.
  Saturday, July 12 – 9:30 a.m.–1:00 p.m.
          2:15 p.m.–6:00 p.m.
  Sunday, July 13 – 9:30 a.m.–1:00 p.m.

Even so, the superintendent objected to being curtailed and his counsel estimated he would require perhaps two more weeks, or as much as 60 more hours.