**Elaine Jean STEMPLE et al.**

v.

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY et al.**

. Civ. No. Y–78–551.

United States District Court, D. Maryland.

Jan. 22, 1979.

Donald N. Bersoff, Susan P. Leviton, Baltimore, Md., for plaintiffs.

Francis Bill Burch, Atty. Gen., Ellen M. Heller, Baltimore, Md., Richard E. Ekstrand, Mount Rainer, Md., for defendants.

JOSEPH H. YOUNG, District Judge.

This case has been brought pursuant to Section 615 of the Education for All Handicapped Children Act of 1975 (hereinafter "EHCA"), 20 U.S.C. § 1415, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiffs, Elaine Jean Stemple, a multiple handicapped child, and her father, Rosswell C. Stemple, seek reimbursement from the defendants, Prince George's County, the State of Maryland, and various County and State education officials, for tuition expended for special schooling at a private institution. The defendants have moved to dismiss the action, and this motion will be granted.

## I.

Maryland law requires that "[t]he cost of [a] nonpublic educational program shall be paid by the State and the county in which the child is domiciled" when the child is "in need of special educational services that are not provided in a public county, regional, or State program." Ann. Code of Md., Art. 77 § 106D(g). Elaine, a resident of Prince George's County, has a long history of physical and emotional handicaps, including intermittent hearing loss and poor gross and fine muscle coordination. From 1969 until May, 1976, she had been enrolled in various special education programs in the Prince George's County public schools. In January, 1976, a decision was made by school officials to "mainstream" Elaine, *i. e.*, to place her in the classroom environment which most non-handicapped children experience. This move was necessitated by Elaine's educational progress in the small group setting of her special education program and her need to develop socialization skills. However, Elaine's parents became dissatisfied with the mainstreaming experiment and in May, 1976, removed Elaine from the public schools and enrolled her in the Leary School, a private non-residential school for handicapped children. Plaintiff attended Leary during the summer of 1976 and for the two succeeding academic years. In September, 1978, Elaine returned to the Prince George's County public schools in a mutually satisfactory program which was the result of negotiations between Elaine's parents and County school officials.

Since June, 1976, plaintiffs have sought reimbursement from the County and State for the tuition expended for private schooling at Leary. Plaintiffs' request for reimbursement was denied by the County in August, 1976. On May 27, 1977, plaintiffs requested a hearing which was held on August 19, 1977, to determine whether the available public special education programs were suitable to meet Elaine's learning needs. These administrative proceedings resulted in a finding that the County did provide a program during the 1976–77 academic year which reasonably met the needs of a child with Elaine's learning disabilities.

Further, it was concluded that there had been insufficient evidence which would justify Elaine's placement in a private school such as Leary. Plaintiffs appealed this determination to the Maryland State Department of Education Hearing Review Board, which affirmed the County decision in February, 1978.

## II.

Plaintiffs bring this action to obtain judicial review of both the substantive and procedural fairness of the administrative denial of tuition reimbursement. Section 615(e)(2) of the EHCA, 20 U.S.C. § 1415(e)(2), authorizes federal district courts to review the record of administrative proceedings on the educational placement of handicapped children, hear additional testimony, and grant such relief "as [it] determines is appropriate." Section 615(b) of the EHCA, and the federal regulations enforcing Section 504 of the Rehabilitation Act, *see* 45 C.F.R. § 84.36, mandate certain procedural guarantees which must be afforded students and parents in administrative placement hearings.

Relying upon this statutory authority, plaintiffs advance the following grounds for relief:

(1) The administrative denial of tuition reimbursement was not based upon a preponderance of the evidence;

(2) The plaintiffs unfairly bore the burden of persuasion throughout the proceedings; and

(3) At the proceeding before the Maryland State Department of Education Hearing Review Board, the State wrongly introduced a report which the plaintiffs had no prior opportunity to examine.

## III.

The Court can dispose of the first and last of plaintiffs' claims without reaching the merits of either, and the second of plaintiffs' grounds for relief, the allegedly wrongful allocation of the burden of proof, is sufficiently without merit to warrant serious consideration.

## A. Substantive Review of the Administrative Proceedings

[1]  Plaintiffs rely entirely upon Section 615(e)(2) of the EHCA as authority for a recovery on the basis of a substantive review of the administrative record.  However, the critical question presented by the facts of this case is whether the EHCA is effective for the purpose of plaintiffs' present claims.

Although enacted by Congress in 1975, the EHCA did not become effective until October 1, 1977.  Further, Paragraph (a) of Section 615 expressly conditions the procedural safeguards mandated by the Act, including judicial review, upon receipt by the state or local education agency of funds authorized by the Act.  The administrative proceedings of which plaintiffs now complain concern reimbursement for a period prior to the effective date of the EHCA and, consequently, the appropriation of the funds it authorized.  Since the benefits which plaintiffs now seek were never supported by EHCA funds, the Act's procedural guarantees are not applicable.

A similar conclusion was reached in *Milan v. Board of Education of Prince George's County*, Civ. No. N–78–637 (D.Md. September 22, 1978).  On facts closely parallel to those of the present case, the Court dismissed a suit brought under the EHCA for denied reimbursement of tuition for private schooling during the 1977–78 academic year.  In *Milan*, the Court held that since the administrative proceedings challenged under the Act had been initiated prior to the Act's effective date, the challenged proceedings were not mandated by the Act nor subject to the Act's procedural protections.  As no fact significantly distinguishes the present action from *Milan*, its reasoning is persuasive in this instance, barring plaintiffs' claim for substantive review of the State and County proceedings under the EHCA.  *See also Howard S. v. Friendswoods Indep. Sch. Dist.*, 454 F.Supp. 634, 637 (S.D.Tex.1978).

## B. Allocation of the Burden of Proof

■  The *Milan* holding would entirely dispose of this action were it not for the fact that plaintiffs also seek relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  While the EHCA was not binding on the proceedings held to determine plaintiffs' eligibility for tuition reimbursement for private schooling prior to October 1, 1977, County and State authorities were nevertheless bound to comply with the Rehabilitation Act.  *Howard S. v. Friendswoods Indep. Sch. Dist.*, 454 F.Supp. at 637.  In May, 1977, the Department of Health, Education, and Welfare issued regulations to enforce Section 504.  *See* 45 C.F.R. Part 84 (1977).  Recipients of Rehabilitation Act funds are required by 45 C.F.R. § 84.36 to provide certain procedural safeguards "with respect to actions regarding the identification, evaluation, or placement" of handicapped children.  The minimum procedures required by the regulations which became effective on June 3, 1977,[1] include only "notice, a right to in-

---

1.  Section 504 of the Rehabilitation Act confers upon an aggrieved party an implied right of action to enforce compliance with the Act.  *Davis v. Southeastern Community College*, 574 F.2d 1158 (4th Cir. 1978); *Leary v. Crapsey*, 566 F.2d 863 (2d Cir. 1977); *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977).  Defendants contend that such an action may not be included in this case because the State was not, at the time of the administrative proceedings in question, obliged to comply with the procedures mandated by 45 C.F.R. § 84.36.

While 45 C.F.R. § 84.33(d) did not require full compliance with the Rehabilitation Act regulations until September 1, 1978, the defendants were not among the class of recipients under the Act excused from full compliance until that date.  The period of grace permitted by § 84.33(d) was expressly reserved for those recipients "that [were] not, on the effective date of this regulation, in full compliance with the other requirements of the preceding paragraphs of this section. . . ."  On June 3, 1977, when 45 C.F.R. Part 84 became effective, the State of Maryland had already established educational programs for handicapped children which fully complied with the provisions of § 84.33, requiring recipients to provide a free appropriate education to all handicapped children.  *See* Ann.Code of Md., Art. 77, §§ 99, 106D.  Moreover, by the time the regulations went into effect, the state had already adopted hearing

spect records, an impartial hearing with a right to representation by counsel, and a review procedure." 45 C.F.R. Part 84, App. A at 387. Allocation of the burden of proof in placement proceedings upon school authorities is not a procedural guarantee mandated by the Rehabilitation Act. Nor can the Court, in view of the procedures afforded the plaintiffs,[2] conclude that the allocation of the burden of proof to parents and students challenging the appropriateness of available public programs[3] has denied plaintiffs the "meaningful opportunity to be heard" which due process affords.[4] See, e. g., Patterson v. Ramsey, 413 F.Supp. 523, 540 (D.Md.1976), aff'd, 552 F.2d 117 (4th Cir. 1977); also Chung v. Park, 514 F.2d 382, 387 (3d Cir. 1975); Toney v. Reagan, 467 F.2d 953 (9th Cir. 1972), cert. denied, 409 U.S. 1130, 93 S.Ct. 951, 35 L.Ed.2d 263 (1973). Accordingly, the County proceedings subject to State Bylaw 13.04.01.-21(B)(6)(h) were not thereby rendered constitutionally nor statutorily infirm.

## C. Introduction of Records which Plaintiff had no Prior Opportunity to Examine

This final claim concerns an alleged procedural impropriety at plaintiffs' hearing before the Maryland State Department of Education Hearing Review Board. At the hearing, Virginia Cieslicki, a placement specialist with the special education division of the Maryland State Department of Education, read into evidence a prepared written statement which constituted the Department's official position on the appropriateness of the placement offered Elaine. This position statement was made pursuant to State Bylaw § 13.04.01.21(A)(5)(d), which requires the Department to present, "preferably in writing or orally if the Hearing Review Board desires, a complete review of

procedures which satisfied the minimal requirements of 45 C.F.R. § 84.36. Thus, as the State was already in compliance with the relevant federal regulations at the time these regulations became effective, the regulations were immediately binding upon the state.

2. The procedural protections afforded parents and students in local placement hearings are set forth in Code of bylaws of the Maryland State Board of Education (hereinafter "State Bylaw"), 13.04.01.21(B). These procedures include notice of the matters at issue, (B)(3), the right to inspect and copy all records pertaining to the child, (B)(4), the right to be represented by counsel at the hearing, (B)(5), the right to present evidence through documents and witnesses, (B)(6)(a), the right to require the attendance of witnesses, (B)(6)(b), the right to question the witnesses presented by the school authorities, (B)(6)(c), the right to an impartial decision maker, (B)(6)(d), the right to a decision based solely on the evidence presented, (B)(6)(g), and a right to an administrative appeal of the decision, (B)(7).

3. See State Bylaw 13.04.01.21(b)(6)(h), which provides as follows:

It shall be the initial responsibility of the party proposing any placement action to present evidence which supports its appropriateness and then any evidence to the contrary shall be presented. The ultimate burden of proving or disproving appropriateness by a preponderance of the evidence shall be upon the parent(s) or guardian(s), except that school officials shall bear the burden when a placement action proposed by them

does not involve placement in a free educational program. A placement shall be deemed appropriate if it reasonably meets the educational needs of the child and there do not exist any significantly less restrictive programs which would satisfy such needs equally well.

4. In Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court observed that "[t]he essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and the opportunity to meet it.' " Id. at 348, 96 S.Ct. at 909 (citation omitted). Typically, the procedures satisfying the requirements of due process are embodied in the protections provided in State Bylaw 13.04.01.-21(b). These procedures include:

"(a) Notice and specification of the charges.

(b) Opportunity to be heard.

(c) Opportunity to confront accusers.

(d) An impartial tribunal."

See Patterson v. Ramsey, 413 F.Supp. at 536. The procedures provided by the State afforded plaintiffs ample opportunity to present their case for tuition reimbursement. Moreover, plaintiffs allege no violation of these procedural requirements at the local hearing. Inasmuch as the allocation of the burden of proof affected only the weight given the plaintiffs' contentions once plaintiffs had exercised their right to be heard, and as the burden in question is neither excessive nor extraordinary, it in no way diminished plaintiffs' opportunity to be heard.

the State Department of Education position supporting the action that has been taken." Plaintiffs contend that the statement should not have been introduced by state authorities because they had no prior opportunity to examine it. However, the Court need not reach the merits of this claim because the state defendants, who were responsible for the proceeding in question and any alleged wrong to the plaintiffs, are immune from suit in this action under the Eleventh Amendment.

While the Eleventh Amendment expressly bars suit against a state by a foreign government or the citizens of another state, judicial construction of the Amendment extends this immunity to preclude suits against a state by its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (and cases therein cited). This constitutional immunity proscribes actions by a private party or foreign government which, absent consent by the state, seek "to impose a liability which must be paid from public funds in the state treasury." 415 U.S. at 663, 94 S.Ct. at 1356.

However, since the time of the Supreme Court's decision in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment has been held not to bar prospective injunctive relief against a state, even though such relief may have some impact on state funds. *Edelman v. Jordan,* 415 U.S. at 667, 94 S.Ct. 1347. In *Edelman,* the Court distinguished such prospective relief which is permissible under *Ex Parte Young, supra,* from a retroactive award of damages made in reparation for past wrongs. *Edelman* involved an appeal of a district court's retroactive award of welfare benefits which claimants would have received had their claims been processed in accordance with HEW regulations. While upholding the lower court's determination that the benefits had been wrongfully denied, the Court nevertheless vacated all but the *prospective* relief awarded to the parties, observing:

> "While the Court of Appeals described this retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action. *It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.*" *Edelman v. Jordan,* 415 U.S. at 668, 94 S.Ct. at 1358 (emphasis provided).

Applying the above principle to the facts of the instant case, the Court must conclude that plaintiffs are effectively seeking an award of damages against the state.[5] Plaintiffs have alleged a past breach of a legal duty respecting certain procedural defects in the state review of her request for tuition reimbursement, and by challenging the procedural correctness of the denial of this request, plaintiffs ultimately seek a recovery of money from the state which is precluded by the Eleventh Amendment. *See Edelman v. Jordan, supra, Jagnandan v. Giles,* 538 F.2d 1166 (5th Cir. 1976), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977).

Inasmuch as plaintiffs have stated no claim against the County defendants which this Court has jurisdiction to entertain or which warrants its serious consideration,

---

**5.** Counsel for plaintiffs conceded in oral argument that money was the ultimate issue in its claim for relief. Nominally, plaintiffs have brought this action seeking injunctive relief entitling them to another administrative hearing to secure reimbursement. However, as Elaine has already been placed in an adequate public educational program, the only conceivable consequence of a judgment against the state would be to facilitate a monetary recovery. To afford plaintiffs an opportunity to raise again their claims for monetary relief, the Court must find plaintiffs implicitly entitled to recover funds which another administrative proceeding might provide. As the Court is precluded by the Eleventh Amendment from directly ordering the State to reimburse the plaintiffs for educational fees, absent waiver, *see Edelman v. Jordan, supra,* it is constitutionally precluded from achieving indirectly which it could not do directly. *Cf. Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

resolution of the state defendants' Eleventh Amendment objection to liability accordingly disposes of this action. Only the state defendants were legally responsible for the conduct of the proceeding before the State Department of Education Hearing Review Board. *See* Ann.Code of Md., Art. 77 § 100A. Moreover, other than the claim under Section 615 of the EHCA, which has been held to be of no legal consequence, and the burden of proof claim, which is without merit, plaintiffs have cited no breach of a legal duty for which the county defendants may be found liable. Despite the fact that under Maryland law, the State and the County are jointly responsible for providing funding for Elaine's education, *see, e. g.,* Ann.Code of Md., Art. 77, §§ 106D(g), 106G–3, 106G–4, the present action would permit a possible judgment only against the state defendants, and such judgment is barred by the Eleventh Amendment.

Accordingly, it is this 22nd day of January, 1979, by the United States District Court for the District of Maryland, ORDERED:

1. That the motions to dismiss of each and every defendant be, and the same are, hereby GRANTED; and

2. That copies of this Memorandum and Order be mailed to the attorneys for the plaintiffs and the defendants.