Marvin L. VAN KIRK, Appellant,

v.

**BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, et al.,
Respondents.**

**No. 61170.**

Supreme Court of Missouri,
En Banc.

Sept. 11, 1979.

Rehearing Denied Oct. 10, 1979.

Robert L. Shirkey, Kansas City, for appellant.

Robert B. Thomson, Albert Thomson, Kansas City, for respondents.

FRED L. HENLEY, Senior Judge.

This case involves an attack by Marvin L. Van Kirk (appellant) on a decision of the Board of Police Commissioners of Kansas City (the board or respondent) by which he was removed from the office of chief of police. Review of that decision by the circuit court of Jackson county resulted in a judgment affirming the board's action. That judgment was affirmed by the Court of Appeals, Western District, but the case was transferred to this court when a participating judge dissented and certified that the majority opinion is contrary to prior decisions of this court and the court of appeals.

The board appointed appellant chief of police of Kansas City effective January 1, 1977, to serve, as stated in what is now § 84.490, RSMo 1978,[1] "during the pleasure of the board." The board summarily re-

---

1. Subsection 1 of § 84.490 is as follows:

"1. The chief of police shall serve during the pleasure of the board. In case the board determines to remove or demote the chief of police, he shall be notified in writing. Within ten days after receipt of such notice, the chief may, in writing, file with the secretary of the board of police commissioners, demand and he shall receive a written statement of the reasons for such removal or demotion, and a hearing thereon at a public meeting of the board within ten days after the chief files such notice. The chief may be suspended from office pending such hearing. The action of the board in suspending, removing or demoting the chief of police shall be final and not subject to review by any court."

moved him from office February 7, 1978. He was notified immediately of the board's action and, upon his request, was given a statement of the reasons for his removal,[2] and a post-decision hearing thereon, all as required by § 84.490, supra. Following this hearing, the board reconfirmed its prior order of removal.

The pleadings filed in circuit court seeking review of the board's action are (1) appellant's petition in six counts; (2) respondent's answer admitting appellant's appointment to and removal from the office of chief of police, but denying generally all other allegations; (3) appellant's reply denying all allegations of the answer, except those admitting facts alleged in the petition; and, (4) appellant's motion for judgment on the pleadings.

Four counts of the petition are in mandamus, seeking review under Rule 100.08.[3] The allegations of these counts are, in general, that the board's decision should be set aside, because: (1) it failed to exercise its discretion either to remove him as chief of police or demote and thereby continue him in its employment;[4] (2) the board failed to furnish him with the true reasons for its decision and the facts upon which it was based, and should be required to furnish him such reasons and facts; (3) the board failed to produce at its post-decision hearing "any evidence tending to prove any fact * * * relied upon as a reason for the action of the Board * * * and [competent and substantial] evidence of facts tending to show or demonstrate the 'unfitness'

or 'lack of merit' of [appellant]"; (4) the board "acted unlawfully, capriciously and arbitrarily to both remove * * * and * * * demote [him]," and thus failed to exercise its discretion either to remove or demote him.

Another count for review under Rule 100.08 sought certiorari directing the board to certify to the court all records of its proceedings relative to the decision to remove him. We take no further notice of this count, the full record of the proceedings before the board having been filed by agreement of the parties.

The remaining count, seeking review under Rules 100.08 and 100.04[5] in the event relief was denied on all the other counts, asserts that the board's order removing him is void and should be set aside for the reason the board, as constituted February 7, 1978, was without power to remove him, because three of its five members previously had forfeited and vacated their respective offices as police commissioners by accepting other places of public trust and the emoluments thereof. See §§ 84.400 and 84.410, RSMo 1978.

As indicated, appellant's motion for judgment on the pleadings was overruled and, respondent having joined in submission of the case on the pleadings, judgment was entered in favor of respondent. In a memorandum of decision filed with its judgment the court held, in substance, that since appellant held the office of chief of police

---

2. The reasons, stated in a letter dated February 8, 1978 from the board to appellant, are as follows:

"1. You lack the necessary executive and administrative qualifications to be Chief of Police.

2. You failed to properly communicate your concern over law enforcement matters with members of the community.

3. You lacked the aggressive leadership needed for the administration of a large metropolitan police force.

4. You had difficulty in making decisions and, after making those decisions, you had difficulty in properly following through with the execution of those decisions.

5. You did not properly respond to Board direction.

6. You improperly employed personnel in command positions.

7. You failed to properly supervise the department."

3. Missouri Supreme Court Rules. See also § 536.150, RSMo 1978.

4. The record and the briefs indicate that appellant has the permanent rank of major in the police department and that no action was taken by the board to alter that status by removing him from the department or police force as distinguished from the office of chief of police.

5. See also § 536.110, RSMo 1978.

during the pleasure of the board, he had no contractual or other right to continue to hold the office and could be removed "for any reason or no reason * * *; [that] there is nothing to review as to the [factual] basis for removal * * *."

We agree with the circuit court. The language of the statute,[6] "The chief of police shall serve during the pleasure of the board," is susceptible of but one meaning: that any person appointed chief of police of Kansas City serves at the will of the board; that he has no fixed term, nor property right or interest in the office; and that he may be removed by the board with or without cause or reason whenever, in its discretion, it wishes to do so. The only limitation upon this power is that such removal not be in violation of, or in retribution for the exercise of, a constitutionally protected right. *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122, 124 (Mo. banc 1956); *Williams v. Jones*, 562 S.W.2d 391, 395[4, 5] (Mo.App. 1978); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578[10], 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Prince v. Bridges*, 537 F.2d 1269, 1272[7] (4th Cir. 1976); *Patterson v. Ramsey*, 413 F.Supp. 523, 531[6, 7] (D.Md.1976), aff'd 552 F.2d 117, 118 (4th Cir. 1977); *Ellis v. State Department of Welfare*, 285 S.W.2d 634 (Mo. banc 1955). Having determined that appellant's tenure is committed by law to the sole discretion of the board, our review pursuant to Rule 100.08, is to determine whether, because of the above limitation on the board's power, its discretion was lawfully exercised. We hold that it was.

Appellant does not contend that his removal was in retribution for the exercise of a constitutionally protected right. He does contend, however, that he has a right to continue in the office of chief of police, a "property right" which, he says, was taken from him without due process of law in violation of Article I, § 10, Missouri Constitution, and § 1 of the Fourteenth Amendment. Because his service is during the pleasure of the board, he has no constitutionally protected right to the office. The *Board of Regents of State Colleges v. Roth*, supra; *Christy v. Petrus*, supra; *Bishop v. Wood*, 426 U.S. 341, 347[4], 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

Contrary to appellant's contention, he was removed from the chief's office in a manner consistent with the procedural provision of § 84.490. Appellant asserts that because this statute requires that he be furnished with the reasons for his removal and a public hearing thereon, he is entitled to have the complete adversarial process, namely: (1) "charges preferred" against him stating "reasons" or grounds for removal; (2) a trial at which the burden would be upon the board to support those reasons with competent and substantial evidence; and (3) a decision based on the evidence heard. He argues from this premise that the statute is converted into one mandating that the chief of police not be removed without "charge" and "proof" of good cause, an untenable argument as well as premise, because appellant serves at the pleasure of the board.

The procedures appellant refers to are provided in the statute[7] applicable to the discharge or removal of a police officer from the Kansas City police force. That section provides that such officer may be removed "only for cause" after charges are preferred and a hearing held. But it does not apply to the removal of the Kansas City chief of police; the legislature, for reason, provided a different, somewhat less time-consuming summary procedure for his removal. This removal procedure recognizes the close relationship between the board and the chief and the highly discretionary nature of the chief's job. The board is composed of five civic-minded citizens (four commissioners and the mayor) whose functions are, in general, to oversee the police department, determine its policies, and "appoint a chief of police who shall be responsible to the board for the proper execution of the policies, duties and responsibilities es-

---

6. Section 84.490, supra.

7. Section 84.600, RSMo 1978.

tablished for the administration of the * * department." Section 84.420, subsection 2(2). In such a relationship, the pleasure of the board is often the standard by which the chief administrative officer is hired and fired. The statute clearly contemplates that the procedure provided have several purposes: it requires that the board first must decide whether to remove; if it decides to remove, the chief shall be furnished with "the reasons for [his] removal * * and a [public] hearing thereon" so that he may attempt to persuade the board that its decision is in error. It prevents his removal for an illegal reason and, perhaps, informs the citizenry why a change was made in the leader of their police department. The procedures provided by § 84.490 do not offend the state or federal constitutions. *Bishop v. Wood,* supra (426 U.S. at 345, 346, 347, 96 S.Ct. 2074).

■ There is no dispute that three of the four members of the board appointed by the governor held other places of public trust at the time of their respective appointments in May and December, 1977. Nor is there any dispute that two of these three resigned their other places of public trust before accepting appointment, qualifying and acting as police commissioners, but that they continued to serve in the offices from which they had resigned until September, 1977; that on February 7, 1978, the date the board removed appellant, only one of the members of the board still held and accepted the emoluments of the place of public trust she held at the time of her appointment to the board. There is also no dispute that all three participated in the vote to remove appellant, have continued to serve as members of the police board, and that no action has been taken to remove and declare vacant the office as police commissioner of any one of the three.

Appellant's contention is, of course, that by reason of the above facts these three violated § 84.400 and thereby forfeited and vacated their respective offices as members of the board with the result that the board's order removing him is void. There is no merit in the contention. These three were at least de facto, if not de jure, members of the board. As such, the act of each in voting to remove appellant is valid, as is the board's order of removal. *State ex rel. City of Republic v. Smith,* 345 Mo. 1158, 139 S.W.2d 929, 933–34[5–10] (Mo. banc 1940).

■ Appellant also contends that because these three police commissioners forfeited and vacated their offices as members of the board, he was deprived of a fair hearing before a fair board and thereby denied due process of law in violation of Art. I, § 10, Missouri Constitution, and the Fourteenth Amendment. This point was not raised or presented in the circuit court. It is raised in this court for the first time. It was not preserved for review.

The judgment is affirmed.

DONNELLY, RENDLEN, SEILER, WELLIVER and MORGAN, JJ., and FINCH, Senior Judge, concur.

BARDGETT, C. J., not sitting.

HIGGINS, J., not participating because not a member of the court when cause was submitted.