Robert L. CURTIS, Respondent,

v.

The BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, et al., Appellants.

No. WD 45908.

Missouri Court of Appeals,
Western District.

Oct. 6, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 24, 1992.

Timothy D. O'Leary, Thomas A. Sheehan, Kansas City, for appellants.

Michael Allan Wee, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

**LOWENSTEIN, Chief Judge.**

The bottom line in this case is whether the Board of Police Commissioners of Kansas City, Missouri (Board) had enough evidence to support the termination of a police officer. Prior to the termination, the Board offered to keep the officer on the force at a lesser rank, if he agreed to seek counseling for a year to "remedy his failings." The officer refused the offer, and subsequently, the Board terminated him. The officer sought judicial review and the trial court set aside the termination and ordered a demotion after reinstatement. Although the Board has appealed the trial court's order, review here is of the Board's actions and ultimate order to terminate the officer.

## I. Facts on appeal

On September 17, 1990, Kansas City Police Chief Steven Bishop suspended, without pay, Sergeant Robert L. Curtis, a ten and a half year veteran of the department. By letter, Bishop notified Curtis the suspension preceded the filing of charges and, ultimately, termination. On October 15, 1990, Bishop filed charges and requested the Board terminate Curtis. The charges alleged Curtis discussed in graphic detail his sexual encounters in the presence of two department female employees, a detective and a civilian. When Curtis was promoted to Sergeant he was the supervisor of several officers and support personnel, including the two just mentioned. In addition to the sexually explicit language, the charges alleged also that Curtis used "loud and abusive language" when talking to other detectives and profanity while performing police duties.

After a hearing regarding the charges, the Board issued an order with findings of fact and law and concluded that it would not terminate Curtis at that time. The Board found that Curtis' abusive, profane and sexually explicit language violated several personnel policy rules of the police department including the Code of Ethics and Rules of Conduct. More specifically, the Board found that "no reason in fact or law ... justifies Curtis' actions." However, because no one before had confronted Curtis about his behavior, the Board decided to modify his discipline.

Instead of immediate termination, the Board in its March 26 order proposed that Curtis agree to undergo a year of counseling at his own expense. He had seven days to make a decision. If Curtis had agreed to seek counseling, then his suspension would have ended as of February 16, 1991, and he could have resumed duties as a patrolman. Curtis did not accept the Board's proposal. Instead, he appealed the order to the circuit court the following day. On April 16, the Board issued another order that terminated Curtis.

On appeal to the circuit court, Curtis challenged the Board's decision to require him, in writing, to agree to undergo counseling for a year. Curtis alleged that the Board's requirement of counseling to keep his job constituted an "unlawful and unconstitutional penalty levied in excess of the statutory authority ... of the agency." Curtis also alleged that the Board fired him merely because he would not agree to undergo counseling.

The circuit court "affirmed" the Board's modified decision to demote Curtis and "reversed" the Board's alternate remedy of counseling and the ultimate order to terminate. In so holding, the court determined that the mandatory counseling denied Curtis his "constitutional right to judicial review," and posed a condition of continued employment that violated the Missouri Constitution and exceeded the Board's statutory authority. The court also found that the condition was "unauthorized by law, [was] arbitrary, capricious, unreasonable and ... an abuse of discretion." The court ordered reinstatement with appropriate back pay.

This court reverses the judgment of the trial court and reinstates and affirms the Board's order of termination.

## II. The Review Board's decision

■ When reviewing an administrative action, this court reviews the findings and decision of the administrative agency, not the judgment of the circuit court, *Biggs v. Missouri Com'n on Human Rights*, 830 S.W.2d 512, 515 (Mo.App.1992). The standard of review of this contested case is whether the Board's decision is supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, unreasonable or an abuse of discretion, *Id.* at 515, § 536.140, RSMo 1986. "Substantial" means that the evidence must support the discretionary determination of the Board, *Becker v. Missouri Dept. of Corrections and Human Services*, 780 S.W.2d 72, 76 (Mo.App.1989). Further, this court will consider the evidence in the light most favorable to the administrative agency, together with all reasonable inferences which support it, *Id.*

■ Suffice it to say the evidence of Curtis' behavior supported termination. His conduct as a sergeant toward employees was reprehensible. His record in the field as a patrolman was outstanding. In an attempt to conciliate, the Board offered Curtis a modified punishment in lieu of immediate termination. No department officials had confronted Curtis about his behavior. This factor influenced the Board to give Curtis a chance to rehabilitate himself. Because no person had confronted Curtis with his "inexcusable behavior," the Board found in its March 26 order that termination was not appropriate "at this time." When Curtis did not accept the Board's offer to "remedy his failings," the time for termination became appropriate. The Board entered an order and terminated Curtis. Curtis argued that the Board terminated him merely because he did not accept the Board's offer. To the contrary, the whole record of Curtis' abusive, profane and sexually explicit language adds up to substantial and competent evidence that supports the Board's decision to terminate Curtis. Because Curtis did not want to get help, the Board had no choice but to terminate him.

■ Although Curtis did not choose the alternative remedy of counseling plus a demotion, this court will address several points Curtis raised about the modified punishment the trial court did not address. The Board did not abuse its discretion or exceed its authority when it decided to modify the discipline recommended by the police chief by fashioning a remedy that gave Curtis a chance to rehabilitate himself

and remain on the force. To determine whether the Board exceeded its authority, this court must look to the statutes governing the Board.

> "The powers and duties of an agency include not only those expressly given by statute, but also, by implication, 'everything necessary to carry out the power or right and make it effectual and complete ...' Where the grant of power is clear, the detail for its exercise need be given only within practical limits. The rest may be left to the administrative agency delegated the duty to accomplish the legislative purpose."

*AT & T v. Wallemann,* 827 S.W.2d 217, 224–5 (Mo.App.1992). The Supreme Court of Missouri also has recognized that express powers given by statute include incidental or implied powers necessary to make the expressed power effective. *Reilly v. Sugar Creek,* 345 Mo. 1248, 139 S.W.2d 525, 526 (1940).

Section 84.420, RSMo.1986 gives the Board broad powers. "The Board shall ... perform such other duties and exercise such other powers not inconsistent with the provisions [of the enabling statute] as shall further the efficient and economical operation of the police department." § 84.420 RSMo. Other sections of the statutes provide that the Board may remove, suspend, reprimand, reduce in rank or pay or impose a fine upon the officer for violations of department rules and regulations. § 84.-600, § 84.630. Further, the Board has exclusive power to manage and control the police force. § 84.460. In addition, although the police chief disciplines the officers, § 84.610 gives the Board on review of the chief's decision "the power ... to affirm, modify or reverse such action of the chief and may make such other orders as the Board may deem necessary." [1]

In Curtis' case, the Board chose to modify Chief Bishop's decision to terminate Curtis. The Board tried to reconcile the competing interests and, instead of termination, offered to keep Curtis on the force with reduced rank if he would get counseling at his own expense. Under a fair reading of the statutes giving the Board its powers, the Board had authority to fashion such a punishment. In addition to the remedies delineated by the specific statutes, the Board may "exercise such other powers not inconsistent" with other provisions of the statute and may modify the discipline assessed by the chief. These provisions evidence a legislative intent to allow the Board to exercise powers that would benefit the force and control the discipline assessed. In this case, the Board sought merely to discipline Curtis in a way to further the mission of the force. The remedy of counseling in addition to a demotion is not inconsistent with the other provisions of the statute. In this case, if Curtis had chosen to seek counseling and accept the demotion, the force and Curtis would have benefitted. Even though in this case the Board appropriately exercised its power to modify the discipline assessed by the chief of police, this court in no way extends the Board's power in every case. Any act of discipline is still subject to judicial review.

The Board did not abuse its discretion because the evidence supports the Board's decision to modify Curtis' discipline. Modifying the discipline was discretionary because the Board could choose whether to "affirm, modify or reverse" the chief's recommendation. To determine if the Board abused its discretion, a reviewing court must look to see if the agency's decision is "against the logic of the circumstances" before the agency "and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Missouri Real Estate Com'n v.*

---

1. *See Morice v. Nations,* 568 S.W.2d 805 (Mo. App.1978), an Eastern District case that involved the discretion of a St. Louis County police board to assess discipline to a police officer. The case has language similar to that of this section of the statutes concerning Kansas City and the court determined that the county intended the board to have broad discretion in fashioning the appropriate discipline of an officer.

This court further notes that although the statutes governing the St. Louis (City) Board of Police Commissioners (Commissioners) contains explicit language granting the commissioners broader powers, that the intent to grant both the Board and the Commissioners broad disciplinary powers is the same.

*McCormick,* 778 S.W.2d 303, 308 (Mo.App. 1989). By modifying the punishment of Curtis, the Board's actions did not abuse its discretion. The fashioning of such a disposition by the Board should not be discouraged. Courts would be remiss to unduly restrain the Board's discretion when it orders a fair and common sense solution to a disciplinary matter.

Imposing the condition on Curtis did not coerce him to waive his constitutional right to review. Generally, one who voluntarily and with full knowledge accepts the benefits of an order, decree or judgment of a court may not appeal the decision, See e.g., *Deweese v. Investors Title Co., Inc.,* 792 S.W.2d 40, 42 (Mo.App.1990). The Supreme Court stated in dicta in *Garrity v. New Jersey,* 385 U.S. 493, 498, 87 S.Ct. 616, 619, 17 L.Ed.2d 562 (1967) that "where the choice is between the rock and whirlpool, duress is inherent in deciding to waive one or the other." *Id.* at 498, 87 S.Ct. at 619. However, the court recognized that only certain constitutional rights "whose exercise a State may not condition by the exaction of a price." [2] Curtis cites no authority for the proposition that accepting a benefit in lieu of appeal violates a person's constitutional rights.

To the contrary, at least one case in Missouri upheld a court's denial of review of an action taken by a police board. In *Davis v. Long,* 360 S.W.2d 307 (1962), the Eastern District denied a police officer's right to review of the police board's decision because he had accepted the Board's offer to return to employment without a hearing. In that case, officer Davis received a suspension without pay because he was indicted on charges of accepting bribes. *Id.* A jury acquitted the officer who then contacted a member of the police department, Thompson, to find out how the get reinstated. *Id.* at 309. The police board told Thompson that it would reinstate Davis without backpay and without a hearing or that Davis could have a hearing to determine his reinstatement and back

pay. *Id.* at 312. After consulting an attorney, Davis accepted the Board's offer and returned to work.

The court found that the case involved an implied "agreed settlement" because of the surrounding circumstances. *Id.* Because the officer accepted the Board's offer with full knowledge, which the court deemed an implied settlement, the officer "was not entitled to a formal hearing and is not now entitled to have the action of the board reviewed." *Id.* at 313.

Although *Davis* involved an informal implied settlement, the result reached in that case is the same as what would have resulted had Curtis accepted the Board's offer. Had Curtis decided to go to counseling, he would have waived his right to judicial review. Under *Davis,* the court did not seem to find this a problem. Administrative agencies are informal factfinders that should have flexibility when determining the type of punishment. If the Board could have settled the case informally with the type of offer it gave Curtis, surely the Board has authority to do so even after a formal hearing. Here, it behooves Curtis for the Board to possess the authority to fashion a remedy short of termination even where termination is warranted. Consequently, the Board did not abuse its discretion or exceed its authority when it determined how to discipline Curtis.

Further, the Board did not unconstitutionally deprive Curtis of his right to procedural due process. Curtis received a full evidentiary hearing regarding Chief Bishop's recommendation of termination. Under these facts, Curtis did not suffer an unconstitutional deprivation.

The trial court's judgment was incorrect as a matter of law and is reversed. The decision and order of the Board are reinstated and affirmed.

---

2. Those rights include: engaging in interstate commerce, resorting to the federal courts in diversity of citizenship cases, exercising First Amendment rights and imposing a burden on the exercise of a Twenty–Fourth Amendment right. The respondent cites no case law that supports his assertion that duress in inherent when choosing between the right to appeal and another offer.