**Rosellen C. WHEELER, Respondent,**

v.

**BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, Appellant.**

**No. WD 50637.**

Missouri Court of Appeals, Western District.

Jan. 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1996.

Application to Transfer Denied April 23, 1996.

Dale H. Close, Lisa S. Morris, Kansas City, for appellant.

William E. Shull, Harrison, Shull & Pettlon, Liberty, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

ELLIS, Judge.

On September 11, 1991, Police Chief Stephen C. Bishop discharged Rosellen C. Wheeler, a civilian employee of the Kansas City, Missouri, Police Department. Chief Bishop's action was upheld by the Kansas City, Missouri, Board of Police Commissioners (Board). However, upon review, the Clay County Circuit Court reversed the Board's decision and directed it to hold a public hearing on the issue of Wheeler's termination as required by § 84.610.[1] The Board appeals.

Wheeler objected to her termination, and by letter dated September 18, 1991, she requested review by the Board. On September 24, 1991, Chief Bishop filed Charges and Specifications which listed the reasons for her termination. Thereafter, a public hearing was scheduled for October 3, 1991. The hearing was continued several times and ultimately re-set for June 3, 1992. On May 5, 1992, Police Chief Bishop filed a Motion for Judgment as a Matter of Law, including Suggestions in Support thereof. Wheeler responded with Suggestions in Opposition. The Board heard oral arguments on the motion on May 26, 1992. On May 29, 1992, the Board granted Chief Bishop's motion, denying Wheeler any further hearings regarding her discharge. Wheeler timely filed a petition for review of the Board's decision in the Clay County Circuit Court, pursuant to

1. All statutory references are to RSMo 1994.

§ 536.110. On December 19, 1994, the court reversed the Board's decision and directed the Board to hold the public evidentiary hearing Wheeler was entitled to under § 84.610 and § 536.070. The Board appeals this order.

On appeal, the Board contends the trial court erred in reversing its decision to uphold Wheeler's termination and remanding the matter for an evidentiary hearing because (1) the Board's conclusion that Wheeler was an at-will employee fired for nondiscriminatory reasons was supported by competent and substantial evidence and was not arbitrary, capricious, unreasonable, or an abuse of discretion, and (2) the law did not prohibit the Board from granting judgment as a matter of law in favor of the police chief. The second point is dispositive of this appeal, and for the reasons that follow, we affirm the trial court's order.

The crux of this appeal is whether the Board satisfied the "public hearing" requirement of § 84.610. That section provides, in pertinent part:

Any police officer, policeman or employee adversely affected by any action taken by the chief which he is required to report to the board under the provisions of subdivision (1) of section 84.500 shall have the right to have such action of the chief of police reviewed by the police board upon filing with the secretary of the board within ten days after the effective date of such action a written request for review by said police board. Whereupon, the police board shall grant a public hearing within fifteen days after the filing of such request. The board shall have the power to inquire into all the facts and circumstances pertaining to such action and may compel the attendance of witnesses by subpoena ... The board shall have the power upon such hearing to affirm, modify or reverse such action of the chief and may make such other orders as the board may deem necessary. . . .

§ 84.610. Pursuant to § 84.500(1), Police Chief Bishop was required to report Wheeler's termination to the Board. Therefore,

under § 84.610 she had a right to have her termination reviewed by the Board. Wheeler timely filed her written request for review on September 18, 1991. This request made it incumbent on the Board to hold a "public hearing." § 84.610.

Although the Board scheduled a public hearing to review Wheeler's termination, the matter was summarily disposed by granting the police chief's motion for judgment as a matter of law. The Board admits in its brief that a hearing before the Board of Police Commissioners is procedurally governed by § 84.610 and Chapter 536, the Missouri Administrative Procedure Act (MAPA). It nevertheless contends the summary disposal of Wheeler's case was permissible because neither § 84.610 nor Chapter 536 specifically precluded the Board from entering judgment as a matter of law. It cites no authority for this proposition but tries to bolster it by analogy, arguing that since the General Assembly has enacted statutes making the Rules of Civil Procedure regarding discovery applicable to administrative proceedings, it must have intended that the Rules applicable to summary disposition of civil cases be available in administrative matters as well. *See* § 536.073.

The Board's argument is without merit. First, administrative agencies have only those powers granted them by statute, and no more. *AT & T Info. Sys., Inc. v. Wallemann,* 827 S.W.2d 217, 221 (Mo.App. 1992). Neither § 84.610 nor Chapter 536 grant the Board authority to dispose of a proceeding brought pursuant to § 84.610 by summary judgment or on a motion for judgment as a matter of law. Secondly, while the General Assembly has made the discovery provisions of the Rules of Civil Procedure applicable in some administrative actions (*see* § 536.073), this does not mean that the Rules as a whole govern hearings before the Board. In *Macchi v. Whaley,* 586 S.W.2d 70 (Mo. App.1979), the court held that a Board of Police Commissioners hearing is not governed by the Rules of Civil Procedure. *Id.* at 74. Moreover, in discussing discovery in such proceedings, the court declared that "[o]nly those methods of discovery specifically enumerated are authorized; all other methods of discovery are excluded." *Id.* at 75. The same principle applies here. The Board is authorized to affirm, reverse or modify the Police Chief's decision only after a public hearing; all other methods of disposition are excluded.

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). In determining whether a statute is clear and unambiguous, we look to whether the language is plain and clear to a person of ordinary intelligence. *Id.* The ordinary meaning of a word is generally determined by dictionary definition. *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 340 (Mo. banc 1991). Finally, it is only when language is ambiguous or leads to an illogical result that we will look past the plain and ordinary meaning of the statute. *State ex rel. Maryland Heights Fire Protection Dist. v. Campbell,* 736 S.W.2d 383, 387 (Mo. banc 1987).

Section 84.610 unequivocally and unambiguously provides that any employee adversely affected by any action taken by the chief is entitled to have the action reviewed by the Board. The statute further provides that "the police board *shall grant a public hearing* ...." § 84.610 (emphasis added). The statute then goes on to authorize compelling the attendance of witnesses "by *subpoena* at the request of either the ... employee involved, the chief of police or any member of the board." § 84.610 (emphasis added). In *Angoff v. M & M Management Corp.,* 897 S.W.2d 649 (Mo.App.1995), this court stated that "[a] subpoena is 'a command to appear at a certain time and place to give testimony upon a certain matter.'" *Id.* at 653 (*quoting* BLACK'S LAW DICTIONARY 1426 (6th Ed.1990)). The power to issue subpoenas, on behalf of the aggrieved employee or the police chief, to compel the attendance of witnesses to give testimony at the public hearing called for by § 84.610 by implication means that the hearing is adversarial in nature and the parties are entitled to present evidence. This court recognized

as much in *Curtis v. Board of Police Comm'rs,* 841 S.W.2d 259, 261 (Mo.App. 1992), when we described the proceeding before the Board as a "contested case" within the meaning of MAPA. *Id.* at 261; § 536.010(2).[2] Thus, the public hearing required by § 84.610 is subject to the provisions of § 536.070 and must include, among other things, the opportunity to produce evidence, call witnesses, and take sworn testimony on direct and cross-examination of those witnesses.

Nevertheless, the Board asserts that civilian employees constitute a unique category for purposes of § 84.610, citing *Spencer v. Board of Police Comm'rs,* 564 F.Supp. 1222 (W.D.Mo.1983), where the court found that civilian employees of the police department are in precisely the same legal position as the chief of police because there is no statutory requirement that they can be removed or discharged only for cause, as there is for non-probationary police officers under § 84.600. In reaching this conclusion, the *Spencer* court reviewed *Van Kirk v. Board of Police Comm'rs,* 586 S.W.2d 350 (Mo. banc 1979). Van Kirk had been appointed chief of police of Kansas City effective January 1, 1977, to serve, as stated in what is now § 84.490, "during the pleasure of the board." The Board removed him from office on February 7, 1978 and he requested a public hearing pursuant to § 84.490. After the hearing, the Board reconfirmed its prior order of removal. Van Kirk then filed an action in circuit court for review of the Board's decision. The trial court upheld the Board's action. On appeal, Van Kirk argued that he was in the same position as a non-probationary police officer and, as such, under § 84.600 he could only be discharged or removed for cause. The Missouri Supreme Court rejected this argument. It noted that § 84.490 specifically provided that the chief serves only "during the pleasure of the board." It further observed that the hearing to which the chief was entitled under § 84.490 was a "somewhat less time-consuming summary procedure" than that provided in § 84.610 for regular police officers and employees. *Id.* at 353. Following the *Van*

*Kirk* rationale, the *Spencer* court concluded a civilian employee (like the police chief) may be discharged at any time for any reason, and is, in fact and law, an employee at will. *Spencer,* 564 F.Supp. at 1233. Relying on *Spencer,* the Board here argues that since Wheeler is in the same position as the chief of police (an employee at will), the holding in *Van Kirk* that the chief of police was not entitled to the same hearing procedure as regular police officers applies to Wheeler, and therefore, the Board was entitled to summarily dismiss her case. The Board's argument fails for several reasons.

First, *Spencer* is a decision of the United States District Court for the Western District of Missouri and, as such, is not binding on this court. *See Arbeitman v. Monumental Life Ins. Co.,* 878 S.W.2d 915, 917 (Mo. App.1994). Second, it was an action brought under 42 U.S.C. § 1983, and did not involve the question whether the plaintiff had been granted a proper hearing under § 84.610. Third, even if we accept, *arguendo,* the *Spencer* court's conclusion that civilian employees are employees at will, subject to discharge at any time without cause, this does not place them "precisely in the same legal position as the chief of police himself, who, under § 84.490, expressly serves 'during the pleasure of the board.'" *Id.* at 1233. This is so because § 84.490 applies exclusively to the chief of police and is inapplicable to civilian employees. Thus, the critical language in § 84.490 that the chief serves "during the pleasure of the board" is absent in § 84.520, which authorizes appointment of civilian employees. Furthermore, § 84.610, which grants a public hearing to employees such as Wheeler, is not applicable to the chief of police because there is a specific statute, § 84.490, establishing the procedure for removal of the chief. *Van Kirk,* 586 S.W.2d at 353–54. And finally, civilian employees are in a significantly different relationship with the Board than is the chief of police. The scheme of Chapter 84 is that the Board, composed of five civic-minded citizens, (the mayor and four citizens appointed by the Governor) oversees the police department

---

**2.** A "contested case" is a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing[.]" § 536.010(2).

and determines its policies, which are then carried out by the chief of police whom the Board appoints. *Id.*; § 84.420.2(2). Thus, there is no intervening authority between the Board and the chief. On the other hand, the chief of police, with the approval of the Board, appoints civilian employees. § 84.520. The chief is the top administrative officer in the police department, § 84.480, and is authorized to "promote, discipline, suspend or discharge" civilian employees. § 84.500(1). In other words, the chief is the intervening authority between civilian employees and the Board and it is for this reason that the legislature provided such employees a means by which they can seek review by the Board of any action of the chief which adversely affects them. It is this distinction which sets them apart from the legal position of the chief of police even if they are employees at will. Since the Board, under § 84.610, can modify or reverse the chief's actions, it can overrule the chief's decision to discharge a civilian employee and therefore, the public hearing accorded to such employees is an extremely valuable right.

In the instant appeal, the Board entered a judgment as a matter of law affirming the police chief's termination of Wheeler without granting her the public hearing to which she was entitled under § 84.610. Under such circumstances, it can be argued that the Board has decided the chief's action was appropriate and that the ultimate decision after a public hearing will be the same. Moreover, a case could be made for granting the Board a means of summary disposition of cases involving civilian employees. However, the General Assembly has not provided such a mechanism, and until it does civilian employees such as Wheeler are entitled to a public hearing. For the reasons stated, the decision of the Board of Police Commissioners is reversed, and we remand this matter to the Board to conduct a hearing on Wheeler's termination pursuant to § 84.610.

All concur.