Robert G. RUSSELL, Respondent,

v.

MISSOURI STATE EMPLOYEES'
RETIREMENT SYSTEM,
Appellant.

No. WD 55280.

Missouri Court of Appeals,
Western District.

March 2, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 1999.

Application for Transfer Sustained
Aug. 24, 1999.

Case Retransferred Nov. 23, 1999.

Court of Appeals Opinion Readopted
Nov. 29, 1999.

Allen D. Allred, St. Louis, for appellant.

Robert G. Russell, Sedalia, for respondent.

Before LAURA DENVIR STITH, P.J., HOWARD and RIEDERER, JJ.

RIEDERER, Judge.

Missouri State Employees' Retirement System ("MOSERS") appeals from the trial court's judgment declaring that § 476.530[1] is unambiguous and that Respondent should be paid retirement benefits based on the salary being paid to circuit judges in active service at the time his benefits were payable in 1995, rather than on the basis of the salary being paid to circuit judges at the time he resigned in 1986. Although we find that the meaning of the term "time of retirement" in § 476.530 is ambiguous, extrinsic evidence shows that the meaning of the term "time of retirement" in § 476.530 is the time when a judge quits working as a judge. Therefore, we reverse.

**Factual and Procedural Background**

Appellant MOSERS "is a body corporate and an instrumentality of the State." § 104.320. MOSERS is authorized to "administer the retirement benefits of all judges provided for in Sections 476.515 to 476.565." § 476.580. MOSERS is authorized by statute to promulgate regulations governing, among other things, the procedures to be followed in determining retirement benefits and resolving disputes about those determinations. § 104.500.

Respondent is a retired judge whose retirement benefits are administered by MOSERS, under the authority cited *supra*. Respondent served as a judge of the Seventeenth Judicial Circuit from December 1, 1970 until his voluntary resignation on July 16, 1986. At that time, Respondent was 51 years old and receiving a salary of $5,625.00 per month. After he resigned, Respondent resumed the private practice of law.

Respondent became 60 years old on December 6, 1995. Pursuant to § 476.530 and § 476.520, Respondent became eligible on that date to receive retirement compensation in an amount equal to 50% "of the compensation provided by law at the time of retirement for judges of the highest court on which [he] served as a full-time judge." § 476.530.

Respondent wrote to MOSERS' staff on September 25, 1995, requesting that his retirement benefit be calculated based on the salary being paid to circuit judges in active service at the time benefits were payable, (that is, the month he turned age 60, December 1995) rather than on the basis of the lower salary being paid to circuit judges at the time he resigned in 1986.

MOSERS' staff informed Respondent by letter on October 2, 1995 that his benefit would be based on the salary being paid to active circuit court judges at the time he terminated employment in 1986. MOSERS also informed Respondent that he could become eligible for a higher benefit if he elected to become a Special Commissioner pursuant to § F 476.450. MOSERS' staff separately advised Respondent on October 17, 1995 that MOSERS' manner of calculating the benefit was based on an October 18, 1984 Attorney General's Opinion which stated that the "time of retirement" for purposes of § 476.530 was the time the judge stops working as a judge. Respondent was also informed that he could appeal the staff's determination to the MOSERS Board of Trustees pursuant to 16 C.S.R. 30–2.290.

On October 24, 1995, Respondent advised MOSERS by letter that he objected to the calculation of his retirement based on the 1986 salary rather than the 1995 salary. Respondent also stated that he was electing not to apply for Special Commissioner status because he believed he was entitled to the higher retirement benefit in any event.

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Respondent filed this lawsuit in November 1995, prior to the date he received his first payment of retirement benefits. While the lawsuit was pending, Respondent continued to pursue his administrative appeal to the MOSERS staff. The staff ruled that he was not entitled to the higher benefit. Respondent appealed to the MOSERS Board of Trustees. He presented his case to the Board on June 27, 1996. The Board fully considered his appeal and denied it on July 3, 1996. On December 30, 1996, the trial court held a one day trial. On January 29, 1997, the trial court entered its order and determined that "§ 476.530 is unambiguous and that the phrase 'at the time of retirement' as used in § 476.530 means at the time plaintiff became eligible to receive retirement benefits." MOSERS filed a motion for new trial which was denied on April 14, 1997. This appeal ensued.

### Standard of Review

This court will affirm the decision of the circuit court in declaratory judgment actions unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Nylon v. Mo. Bd. of Probation and Parole*, 940 S.W.2d 3, 5 (Mo.App.1997).

### Construing The Statute: § 476.530

█ Appellant contends in its first point that the trial court erred in entering judgment in favor of Respondent because the "time of retirement" for judges for purposes of calculating retirement benefits for judges pursuant to § 476.530 is the time when a judge stops working as a judge, since that is the plain and commonly understood meaning of the term "retirement." Appellant argues that the term "time of retirement" in § 476.530 is not ambiguous.

█ "The primary rule of statutory construction requires a court to ascertain legislative intent by considering the plain and ordinary meaning of words used in the statute, and when the language of a statute is clear and unambiguous, there is no room for construction." *State of Kansas, Secretary of SRS v. Briggs*, 925 S.W.2d 892, 895 (Mo.App.1996). To determine whether a statute is clear and unambiguous, this court looks to whether the language is plain and clear to a person of ordinary intelligence. *Wheeler v. Board of Police Comm'rs of Kansas City*, 918 S.W.2d 800, 803 (Mo.App.1996). The court will only look past the plain and ordinary meaning of a statute when the language is ambiguous or leads to an illogical result. *Id.*

Section 476.530 provided at the time this issue arose: "The retirement compensation shall be equal to fifty percent of the compensation provided by law at the *time of retirement* for the judges of the highest court on which the retired judge served as a full-time judge. Retirement compensation shall be paid to the retired judge monthly during the remainder of his life." (emphasis added). The phrase "time of retirement" is not defined in this section, or in any Missouri Statute, nor is "retire", "retiree", or "retirement." Appellant argues that the term "time of retirement" is not ambiguous in § 476.530, and that contrary to the trial court's judgment, the unambiguous meaning of "time of retirement" is the time when the judge stops working as a judge.

█ We look first to the plain and ordinary meaning of words used in the statute. *Briggs*, 925 S.W.2d at 895. *Webster's New World College Dictionary* (3rd Ed.1997) defines "retirement" as "withdrawal from work, business etc. because of age." The term is not defined, and "withdrawal from work" could mean withdrawal from work entirely or withdrawal from work as a judge. In the statutes, the word is sometimes used to mean "ceases working" and sometimes used to mean "starts receiving retirement benefits." It is therefore impossible to determine, from the plain and ordinary meaning of the word

retirement, what the Legislature intended by the term "time of retirement" in § 476.530. Thus, we look to extrinsic evidence to determine its meaning. *Angoff v. M & M Management Corp.*, 897 S.W.2d 649, 653 (Mo.App.1995). We must look at the context in which the language is used in the statutes and read it *in pari materia* with other statutes addressing similar topics to determine its meaning. *Id.* at 654.

### A. The 1997 Amendment

The 1997 amendment to § 476.530 was not intended to change the meaning of that section, but rather to clarify its meaning. Examination of other retirement statutes reveals that for county employees,[2] prosecutors,[3] sheriffs,[4] police,[5] and teachers,[6] the retirement benefit owed to the employee depends on the amount of compensation earned by that individual employee when he or she quit working as a county employee, prosecutor, sheriff, policemen or teacher. Furthermore, the retirement benefit owed to a former employee under the (Highway & Transportation Employees and Highway Patrol Retirement System § 104.090) depends on the compensation earned by that employee when he or she quit work as such employee. The same is true for former employees of MOSERS. § 104.010.

The fact that all of the other public employee retirement statutes examined above make clear that the retirement benefit for an employee is determined as of the time when that employee stopped working as a public employee suggests that the General Assembly would have intended the same result for judicial retirement. Therefore, the amendment of

**2.** § 50.1060

**3.** § 56.816

**4.** § 57.967

**5.** §§ 86.063; 86.433

**6.** § 169.070

**7.** Appellant agrees, but argues that since it now takes the position in this litigation that

§ 476.530 adopted by the General Assembly in 1997 was, MOSERS argues, a clarifying amendment, answering for future judges the question posed by this lawsuit, perhaps even in response to this lawsuit. Nothing suggests that the amendment signals a change of intent of the previous intent of the General Assembly. Rather, the amendment appears to be a clarification of its original intent. This supports the conclusion that the term "time of retirement" means the time the judge stops working as a judge.

### B. Interpretation and Construction by Agency

 Respondent's strongest argument is that the interpretation and construction of a statute by the agency charged with its administration is entitled to great weight. *Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d 193 (Mo. banc 1972).[7] Respondent claims that the construction of these statutes by Appellant would support Respondent's position. In support of this position, Respondent points to the letters he received from MOSERS regarding his "retirement." On July 22, 1988, a letter was written to Respondent which stated:

> We have been notified that you have terminated your employment 7/16/86. Based on our records, you have 15 years and 7 months of creditable service and therefore are eligible for retirement benefit at age 60. Your projected retirement date is 12/6/95. Please be advised that final verification of this information must occur prior to your actual date of retirement. It is important that you notify us in writing of any change in your address so that we may provide

"time of retirement" means the time when a judge stops working as a judge, this current interpretation should be given great weight. This argument misses the point: Appellant apparently used the term to mean something else in its correspondence with Respondent, leaving open the question of Appellant's interpretation.

you an application prior to your date of retirement. If we may be of assistance to you in the future, please feel free to call upon us. Sincerely, John Ousley, Senior Benefit Specialist.

On October 2, 1995, Betty Rovick, a Benefit Specialist, wrote to Respondent on behalf of Appellant and advised him: "As you are aware, you are eligible to retire on December 6, 1995." On December 5, 1995, Betty Rovick again wrote to Respondent on behalf of Appellant and stated, "Congratulations on your upcoming retirement. We are confirming your date of retirement as December 6, 1995." A Retiree Benefit Statement was sent to Respondent by Appellant showing his benefits as of August 31, 1996 showing his "retirement date" as 12/6/95. The retirement booklet for life insurance plans which was sent to Respondent prior to his 60th birthday states: "Your protection under the Basic Life Insurance Plan ends when you terminate employment with the State or when you retire. Coverage stops at the end of the month in which you terminate."

Simply reading letters of MOSERS would support Respondent's conclusion that "termination of employment" and "retirement" have been used by Appellant as two different terms. If that were all there were to this case, Respondent might prevail. Appellant has not been consistent in its use of these terms and ought to be more careful and clear. Nevertheless, these letters are not the only indicators of "interpretation and construction" of the statute involved. These are form letters. In most cases, the eligible employee continues in employment until eligible to draw retirement compensation. Thus, in most cases, the date of termination of employment and the date of eligibility to draw compensation are the same date. The letters are not tailored to the specific situation of this Respondent's retirement benefits. There is no reason to believe that these form letters were an attempt to interpret § 476.530. Rather, they were an attempt to address what for MOSERS is a routine matter. Admittedly, they do not reflect the attention to detail Respondent might expect from an agency charged with administering hundreds of millions of dollars. Nevertheless, we do not believe the form letters can be read as an attempt to interpret § 476.530. We are unwilling to say that Appellant's inattention to detail in a form letter carries enough weight to be a strong indicator of legislative intent. This is not estoppel. It is statutory interpretation.

## C. Chapter 476

### 1.

Respondent argues that to construe the phrase "time of retirement," as used in § 476.530, to mean the time when a judge stopped working as a judge would render § 476.520.2 "meaningless." Respondent argues that § 476.520.2 uses the phrase "who ceases to hold office by reason of the expiration of his term, voluntary resignation or retirement." However, Respondent fails to note § 476.520.2 provides in its entirety:

> Any person, sixty years of age or older, who has served in this state an aggregate of at least fifteen years, continuously or otherwise, as a judge, and who ceased or ceases to hold office by reason of the expiration of his term, voluntary resignation or retirement under the provisions of subsection 2 of section 24 of Article V of the Constitution of Missouri may receive benefits as provided in sections 476.515 to 476.570. The fifteen-year requirement of this subsection may be fulfilled by service as judge in any of the courts covered, or by service in any combination as judge of such courts, totaling an aggregate of at least fifteen years.

The provisions of subsection 2 of section 24 of Article V of the Constitution of Missouri are as follows:

> Upon recommendation by an affirmative vote of at least four members of the commission, the supreme court en banc shall retire from office any judge or any

member of any judicial commission or any member of this commission who is found to be unable to discharge the duties of his office with efficiency because of permanent sickness or physical or mental infirmity. A judge, except a municipal judge so retired shall receive one-half of his regular compensation during the remainder of his term of office. Where a judge subject to retirement under other provisions of law, has been retired under the provisions of this section, the time during which he was retired for disability under this section shall count as time served for purposes of retirement under other provisions of this constitution or of law.

Therefore, § 472.520.2 provides for certain retirement benefits, and it further provides that there are three instances when it applies: (1) expiration of the judge's term; (2) voluntary resignation; and (3) retirement "because of permanent sickness or physical or mental infirmity." In reading these provisions *in pari materia* with § 476.530, two matters become clear. First, the word "retirement" in § 476.530 is not used in the same way as the word "retirement" in § 476.520.2. The word "retirement" in § 476.530 is part of the term "time of retirement", and refers to retirement generally. By contrast, the word "retirement" in § 476.520.2 does not stand alone, but rather is the beginning word of the phrase "retirement under the provisions of subsection 2 of section 24 of Article V of the Constitution of Missouri." Second, the construction of the phrase "time of retirement" in § 476.530, as meaning the time when the judge stopped working as a judge, does not render § 476.520.2 meaningless. Since Respondent does not claim to have retired under subsection 2 of section 24 of Article V of the Constitution of Missouri, he must claim benefits under § 476.520.2 as a judge who ceased to hold office by reason of either (1) the expiration of his term, or (2) voluntary resignation. In either case, the construction of the term "time of retirement" in § 476.530 as meaning the time when the

judge quits working as a judge would be entirely consistent with Respondent's eligibility under § 476.520.2.

**2.**

Respondent also claims "the phrase 'who ceased or ceases to hold office by reason of the expiration of his term, voluntary resignation or retirement' is used in other sections of chapter 476", arguing again that this shows legislative intent to distinguish between "voluntary resignation" and "retirement." § 476.520.1, § 476.520.2, § 476.450.1, § 476.450.2, and § 476.535.2. These claims are equally meritless. Section 476.520.1 also refers to a special category of retirement and not to retirement generally. The other three sections use the word "retirement" in a specific context not applicable to Respondent's situation.

**3.**

Respondent also argues that "a judge who is retiring under these provisions is a judge who is receiving benefits." Respondent's reasoning is as follows. He cites § 476.540: "Any person ceasing to hold office as a judge defined in § 476.520 for any reason other than death or retirement, may make written application to the commissioner of administration for a refund of his contributions under sections 476.515 to 476.570 . . ." Respondent concludes from this, "that section provides that a judge who has *resigned* may make written application, but a judge who is *retired* cannot. Obviously, those are two things and 'retired' clearly means a judge who is receiving retirement benefits." (emphasis in original). We disagree.

Even if we assume the words "as defined by" modifies the whole phrase, it does not follow that "time of retirement" in § 476.530 means the time when a judge starts receiving benefits. This first part of the phrase refers, as noted previously, to (1) expiration of a judge's term; (2) voluntary resignation; or (3) resignation due to incompetence. Thus, what § 476.540

would be referring to is "retirement pursuant to the provisions of subsection 2 of section 24 of Article V of the Constitution of Missouri" or death. Although it is tautological to say someone ceasing to hold office because of death may not apply for a refund, it nevertheless does make sense to say that a person forced to retire for being "found to be unable to discharge the duties of this office," may not make application for a refund of contributions. Thus, § 476.540 cannot be read as Respondent argues it should be, and it does not draw any distinction between "resignation" and "retirement." At best, it can be said to draw a distinction between "resignation" and "retirement pursuant to subsection 2 of section 24 of Article V of the Constitution of Missouri." This does not aid Respondent.

4.

Respondent also contends that § 476.520.3 uses the term "eligible to retire," from which he concludes "it is clear that 'retirement' means the time at which you are eligible to receive benefits or when you start receiving benefits." The difficulty for Respondent is imbedded in his own summation on this point: "The intent of the Legislature is clear from the various statutes and the context. There are provisions for a judge to cease to hold office by reason of the expiration of his term, his voluntary resignation or his retirement. Respondent ceased to hold office by reason of resignation." This argument is founded on the same misreading of § 476.520, as outlined above, and must, therefore, be rejected.

### D. Chapter 104

Respondent cites certain sections of Chapter 104 that indicate "terminate employment" and "retire" are two different concepts. Section 104.103.3; § 104.372.1(b); § 104.415.3; 104.612.10(2); § 104.612(3). However, this does not help Respondent. These sections do not define "retire" or "time of retirement." Further, they relate to the Missouri State Employees Retirement System, under which the General Assembly has unequivocally stated that the retirement benefit is determined by the compensation earned by the employee before he or she quits working as a state employee.

### Conclusion

Although this excursion into the retirement statutes of this State has demonstrated that they are not a model of consistency and clarity, and while the terms "retire" and "retirement" are not defined and are used with different meanings in different contexts, nevertheless, we are not persuaded that "time of retirement" in § 476.530 is anything other than when a person withdraws from working as a judge. The meaning of the term "time of retirement" in § 476.530 is ambiguous. However, extrinsic evidence shows that the meaning of the term "time of retirement" in § 476.530 is the time when a judge quits working as a judge.

Reversed.

All concur.