The Honorable May E. Scheve Representative District 98 State Capitol Building, Room 401 Jefferson City, Missouri 65101
Dear Representative Scheve:
This opinion is in response to your question:
 Does the use of bill validator acceptors for the exchange of cash for electronic tokens for electronic gaming device wagering violate the cashless wagering provisions of Sections 313.805(13) and Section 313.817(3), RSMo 1994?
Section 313.805(13) RSMo provides:
 The commission shall have the following powers and shall promulgate rules and regulations to implement sections 313.800 to 313850:
* * *
 (13) To require all licensees of gambling game operations to use a cashless wagering system whereby all players' money is converted to tokens, electronic cards, or chips which only can be used for wagering on the excursion gambling boats;
Section 313.817.3 RSMo provides:
 Wagering shall not be conducted with money or other negotiable currency. The licensee shall exchange the money of each wagerer for tokens, chips, or other forms of credit to be wagered on the gambling games. The licensee shall exchange the gambling tokens, chips, or other forms of wagering credit for money at the request of the wagerer.
If the statute is unambiguous there is no need for interpretation or construction in order to determine its true meaning. State ex rel. School District of Kansas City v. Young,519 S.W.2d 328 (Mo.App. 1975).
 To determine whether a statute is clear and unambiguous, this court looks to whether the language is plain and clear to a person of ordinary intelligence. The court will only look past the plain and ordinary meaning of a statute when the language is ambiguous or leads to an illogical result.
Russell v. Missouri State Employees Retirement System,4 S.W.3d 554 (Mo.App. 1999).
Neither "cashless wagering" nor "other forms of credit" are defined by statute. Each of the terms describes a technical subject concerning the operation of riverboat gambling facilities. As such the terms used in the two statutes in question are not plain and clear to a person of ordinary intelligence, thus those terms are ambiguous and need interpretation.
Because an agency charged with its administration of a statute has more technical expertise in the particular area, the law gives deference to the interpretation and construction of a statute by that agency. Foremost-McKession, Inc. v. Davis,488 S.W.2d 193 (Mo.banc 1972).
The Missouri Gaming Commission is charged with administering the laws concerning licensed riverboat gambling facilities. Section 313.004.4 RSMo.
The Missouri Gaming Commission promulgated11 CSR 45-5.210(1)(A) which provides that:
Electronic gaming devises, shall —
 (A) Be cashless in operation, and as such, must accept only electronic cards or tokens as wagers:
This provides the only definition in this area.
Your question concerning the use of a bill validator acceptor for the exchange of cash for electronic token is a question of interpretation of ambiguous statutes. Great weight should be given to the interpretation given by the administrative agency charged with its administration, the Missouri Gaming Commission. Current regulations of the Gaming Commission interpret the statutes in a way that requires your question to be answered in the negative.[1]
 Conclusion
Section 313.805(13) and Section 313.817(3), concerning whether the use of bill validator acceptors for the exchange of cash for electronic tokens for electronic gaming device waging, are ambiguous, therefore, deference should be given to the Missouri Gaming Commission for the interpretation and construction of those statutes.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Because the statutes are ambiguous on their face, and because the law gives great deference to the Gaming Commission as the agency charged with administering this area of the law, a court would likely uphold an alternative regulatory position taken by the Gaming Commission.