**Sandra L. LOMBARDO (DeHaan), Appellant,**

v.

**Richard J. LOMBARDO, Respondent.**

**No. WD 57222.**

Missouri Court of Appeals, Western District.

Feb. 8, 2000.

As Modified March 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2000.

Application for Transfer Sustained May 30, 2000.

Case Retransferred Jan. 31, 2001.

Court of Appeals Opinion Readopted Feb. 6, 2001.

Kenneth C. Hensley, Raymore, for appellant.

Daniel W. Olsen, Raymore, for respondent.

Before: LAURA DENVIR STITH, P.J., and HOWARD, J., and TURNAGE, Sr.J.

VICTOR C. HOWARD, Judge.

Sandra L. Lombardo appeals from a judgment of the Circuit Court of Cass County ordering the parties' nineteen-year-old child emancipated as of January 1, 1999, thereby terminating respondent's continuing child support obligation under § 452.340.5 RSMo Supp.1998.[1]

The judgment is affirmed.

## I. BACKGROUND

Sandra L. and Richard J. Lombardo (appellant and respondent respectively) were married. One child, Amanda; was born of the marriage on November 17,

---

1. Unless otherwise noted, all statutory refer- ences are to RSMo Supp.1998.

1979. The parties were subsequently divorced, and respondent was ordered to pay child support. After turning eighteen, Amanda quit high school and obtained her General Equivalency Diploma (GED) in January of 1998. The court then modified respondent's support obligation, ordering him to pay $1,000 per month in child support directly to Amanda, to make the lease payments on her car, and to maintain Amanda on his insurance.

Amanda enrolled in twelve hours of courses at the University of Texas at San Antonio for the fall semester of 1998. She subsequently failed two of the courses (six hours) and received credit for the other two.[2] Although eligible to re-enroll at the University of Texas at San Antonio on academic probation for the spring 1999 semester, Amanda chose instead to enroll in twelve hours at the College of San Antonio, a junior college.

Respondent subsequently filed a "Notice of Emancipation" seeking to have Amanda declared emancipated for purposes of child support. In the "Notice," respondent alleged that Amanda enrolled at Longview College in the spring of 1998 and failed to complete any portion of those classes. He further alleged that Amanda enrolled in twelve hours at the University of Texas at San Antonio, for the 1998 fall semester and had the problems indicated above. The respondent terminated support after December of 1998. After the emancipation issue was submitted to the Cass County Circuit Court on a stipulation of facts, the court adjudged Amanda to be emancipated as of January 1, 1999, thereby terminating respondent's support obligation to Amanda.

Appellant subsequently filed this appeal seeking interpretation of the requirements for continuing support as set forth in § 452.340.5 — the relevant section the trial court relied on in entering its judgment in favor of emancipation.

## II. STANDARD OF REVIEW

In a court-tried case, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) requires an appellate court to affirm the trial court's judgment unless: (1) there is no substantial evidence to support it; (2) the judgment is against the weight of the evidence; or (3) the trial court erroneously declared or applied the law. At issue is the meaning of "completes at least twelve hours of credit" as set forth in § 452.340.5. Statutory interpretation is a question of law, "and where the lower court rules on matters of law, it is not discretionary." *Knipp v. Director of Revenue*, 984 S.W.2d 147, 151 (Mo.App. W.D.1998). Thus, we conduct an independent review, granting no deference to the trial court's determination of the law. *Barry Serv. Agency Co. v. Manning*, 891 S.W.2d 882, 887 (Mo.App. W.D.1995).

## III. CONTINUING CHILD SUPPORT OBLIGATION UNDER § 452.340.5

■■■■ Missouri extends the child support obligation of a non-custodial parent past the age of eighteen in certain instances. § 452.340.3(5). This appeal is based on § 452.340.5, which reads, in pertinent part:

> If when a child reaches age eighteen, ... the child is enrolled in an institution of vocational or higher education not later than October first following ... completion of a graduation equivalence degree program and *so long as the child enrolls for and completes at least twelve hours of credit each semester* ... *at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution,* the parental support obligation shall continue until the child completes his or her education,

---

**2.** Six of the hours Amanda enrolled in were remedial courses that the Texas legislature apparently requires all incoming freshmen to take. The courses, entitled "TASP Review" and "Reading Improvement" are apparently offered only on a credit/no credit basis. These hours do not factor into the student's G.P.A. Thus, although Amanda received six hours of credit for these two courses, her G.P.A. for the fall 1998 semester was 0.0.

or until the child reaches the age of twenty-two, whichever first occurs. (Emphasis added.) At issue is what the statute means by "completes" in terms of the "completes at least twelve hours of credit" requirement. This statute was amended in 1997 to add the language at issue, and its interpretation appears to be an issue of first impression. Therefore, we examine the statute in order to determine, "the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Farmers' & Laborers' Coop. Ins. Ass'n v. Director of Revenue,* 742 S.W.2d 141, 145 (Mo. banc 1987); *see also Mickey v. City Wide Maintenance,* 996 S.W.2d 144, 148–49 (Mo.App. W.D.1999). In deciding whether a statute is clear and unambiguous so as to ascertain the intent of the legislature, the appellate court must consider whether the language is plain and clear to a person of ordinary intelligence. *Wheeler v. Board of Police Comm'rs of Kansas City,* 918 S.W.2d 800, 803 (Mo. App. W.D.1996). Only when the language is ambiguous or its plain meaning would lead to an illogical result will the court look past the plain and ordinary meaning of a statute. *Id.*

■ The pertinent portion of the statute reads: "[the support obligation will continue] *so long as the child enrolls for and completes at least twelve hours of credit each semester . . . at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution."* § 452.340.5 (emphasis added). Reading this statute according to its plain meaning, there are three main requirements that a child must meet in order for the non-custodial parent to remain liable for support while she attends college:[3] (1) she must enroll in college; (2) she must complete at least twelve hours of *credit* each semester; and (3) she must achieve grades sufficient to re-enroll at the college. Again, it is the second requirement and what is meant by use of the word "completes" that is at issue in this appeal. However, we consider all three requirements in order to better understand the legislature's intent.

■ Because the statute does not expressly define "completes," we consult a dictionary. *Moon Shadow, Inc. v. Director of Revenue,* 945 S.W.2d 436, 437 (Mo. banc 1997). The sixth edition of BLACK'S LAW DICTIONARY defines "complete" as, "to finish; accomplish that which one starts out to do." To satisfy the first requirement a student must be enrolled in college. In order to "finish" the required twelve-hour minimum, the student must receive *credit* for twelve hours. Otherwise, she will not progress toward a degree, or, in other words, she will not "accomplish that which one starts out to do." We believe it is clear that the legislature, by saying, "completes at least twelve hours of credit," intended that the student must receive credit for at least twelve hours worth of courses each semester. A student does not receive "credit" by merely enrolling and attending class. The CAMBRIDGE INTERNATIONAL DICTIONARY OF AMERICAN ENGLISH defines "credit" as, "a successfully completed part of an educational course."

Appellant suggests that "complete," as used in § 452.340.5, does not mean *successfully complete,* but rather, appellant believes, "as long as the child is attending classes regularly, does not drop the class, and is making a good faith effort to finish the course, the student has 'completed' such course." We do not believe that was the legislature's intent. To so rule would make the second requirement that the student "complete" the twelve hours he or she is enrolled in superfluous. A student is

---

**3.** Use of the feminine pronoun is for simplification only. This analysis applies equally to male and female students. In addition, the statute specifically defines what is meant by "an institution of vocational or higher education." This is not an issue on appeal, however, so we will generally refer to post-secondary education as "college."

not required only to attend twelve hours of classes, but to "complete" twelve hours of "credit."

In order for a student to remain eligible for such continued parental support, he or she must also submit a transcript showing each parent "the courses the child is enrolled in *and has completed* for each term, the grades and credits received for each such course, and [a class schedule for the following semester showing eligibility to re-enroll and enrollment in at least twelve hours]." § 452.340.5 (emphasis added). This additional requirement provides the parents with sufficient information to determine if the non-custodial parent is still required, under the statute, to support his or her child through college. The legal file on appeal includes Amanda's "final grade report" for the fall 1998 semester from the University of Texas at San Antonio. Under the section entitled "Cumulative Data," there is a section labeled "Total Hours *Completed,*" under which "6.0" is recorded. Therefore, according to her school, Amanda "completed" or received credit for only six hours, not the twelve hours required by § 452.340.5. Thus, she could properly be adjudged emancipated under the statute so as to terminate respondent's support obligation. Whether or not the school would have invited her back does not eliminate the statute's second requirement. The bottom line is that under any interpretation, including the school's, Amanda did not complete twelve hours of credits.

We believe the statute's second criterion requires a student to earn twelve hours of credit per semester. The third criterion would apply, for example, where a student was earning twelve hours of credits but with a "D-" average. Sooner or later the institution would not invite the student back.

■ Recent legislative enactments also support the interpretation that "com-

pletes" means "receives credit for." Prior to a 1989 amendment to § 452.340, subsection five provided, "[i]f the child is attending an institution of vocational or higher education, the parental support obligation shall continue until the child completes h[er] education, or until the child reaches the age of twenty-two, whichever first occurs." § 452.340.5 RSMo Supp.1989. Thus, the requirements that a certain number of hours be enrolled in and completed and that the child be capable of re-enrollment did not exist. Mere attendance, as in Amanda's case, was enough. Under that version of the statute, a child could theoretically fail every semester and keep transferring from school to school that would accept her, never once having to obtain even an hour of credit toward a degree, and yet, the non-custodial parent could still be held responsible for her support until the child turned twenty-two years old. In 1990, the statute was revised to additionally require that the child "continue[ ] to attend such institution ..." § 452.340.5 RSMo Supp.1990.[4] This section of the statute remained essentially unchanged until July 1, 1997, when the relevant section was revised to read as it does today. "When the legislature has altered an existing statute ... such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act." *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985). If we were to interpret the statute as appellant suggests, we would essentially be charging the legislature with a meaningless act. The 1997 amendment added, among other things, the requirement that the child complete at least what generally amounts to a full-time course load each semester. Having changed the requirement from "continues to attend" to "completes at least twelve hours credit," the legislature clearly intended that the child be required to receive credit for at least

---

**4.** Cases cited by appellant in support of her position relate to the interpretation of this "continuous enrollment" requirement. However, when the statute was rewritten in 1997,

the continuous enrollment requirement was removed. Therefore, these cases are not controlling in our analysis of legislative intent with regard to § 452.340.5 RSMo Supp.1998.

twelve hours. Otherwise, the legislature would have stated that a student must enroll in and attend twelve hours of classes. With the 1997 amendment, the legislature has focused more on the student's personal responsibility and achievement as a prerequisite to continued support.

## IV. CONCLUSION

We examined the plain language of the statute and recent amendments to § 452.340.5. The Missouri Legislature's use of the word "completes," in requiring a student to "complete[ ] at least twelve hours of credit" in order to be eligible to continue to receive support under § 452.340.5, means that the child must receive credit for at least twelve hours. Amanda's grade report clearly states she only completed six hours.

The trial court's judgment is affirmed.

TURNAGE, Sr.J., concurs.

LAURA DENVIR STITH, P.J., dissents in separate opinion.

LAURA DENVIR STITH, Presiding Judge, dissenting.

I respectfully dissent from the majority's conclusion as to the meaning of the word "complete" as used by the legislature in Section 452.340.5. That section states, in relevant part, that the parental support obligation will continue until a child completes his or her education:

> If, when a child reaches age eighteen, ... the child is enrolled in an institution of vocational or higher education ... and so long as the child *enrolls for and completes at least twelve hours of credit each semester* ... and achieves grades sufficient to reenroll at such institution ...

Sec. 452.340.5. As the majority notes, the legislature thus imposed three requirements for continued support: (1) enrollment in college, (2) completion of 12 hours of credit each semester, and (3) achievement of grades sufficient to reenroll at that institution.

In effect, the majority is holding that any student who, like Ms. Lombardo, fails to receive passing grades in at least 12 hours of classes per semester is no longer eligible for child support. If the legislature had intended to make such a drastic change in the law, however, it would and could have said so more clearly, such as by stating that the child must enroll in and receive passing grades in at least 12 hours of credit each semester. The legislature did not require that a child receive passing grades in at least 12 hours of course credit each semester, however. To the contrary, it simply required that the child complete those 12 hours of credit. Ms. Lombardo did complete them, albeit not successfully. However, successful completion is not a requirement under the statute.

This is not to say that a child can continually attend one school after another and flunk all of his or her courses year after year, yet receive child support, as the majority suggests would occur unless we interpret completion to mean successful completion. This argument results from the majority's confusion of the second and third statutory requirements. As the majority notes, the first requirement is that the child enroll in college, and all agree this was accomplished here. The second requirement is that the child complete 12 hours of credit each semester, and Ms. Lombardo has done so by completing her 12 hours of classes.

Academic achievement comes into play in the third, not the second, requirement. In addition to enrolling and completing 12 hours of credit, the child must achieve grades sufficient to reenroll, and to do so *at such institution.* The institution which Ms. Lombardo attended, the University of Texas at San Antonio, found her eligible to re-enroll (on academic probation) for the following semester. It is evident from the record that, had she reenrolled and again flunked all of her classes, she would not have been eligible to reenroll again. In that instance, she would not have met the third requirement for child support, and her support would have terminated at that

time. Wisely, given her academic performance at the University of Texas, she instead chose to enroll in a junior college. If she successfully completed 12 hours of credit there, and was eligible to reenroll there in the fall, then she would have continued to be eligible for child support. If not, her support would have ended. However, since she had completed 12 hours credit and was eligible to reenroll at the University of Texas in January, she was entitled to get a chance to complete another semester of college, and to do so at a level which would allow her to reenroll there.

Contrary to the majority's argument, this interpretation of the statute is also consistent with the legislative history of the requirements for continued child support while obtaining a post-secondary education. Prior to 1990, a child needed simply to attend an institution of vocational or higher education. *See* Sec. 452.340.5 RSMo. Supp.1989. In 1990, the statute was revised to require the child to *continue* to attend the institution. *See* Sec. 452.340.5 RSMo Supp.1990. In other words, the child could not obtain funds if the child simply enrolled and then dropped out. In 1997, the statute was changed to its current form. This constituted a major change, for not only does the child have to continue to attend the school, but the child must enroll in and complete 12 hours of credit. Thus, the child cannot just enroll in 4 hours of classes, or enroll in 12 hours of classes but then drop 8 of those hours. The child must enroll in and complete at least 12 hours of classes each semester. This imposed, basically, a requirement that the child attend school full time. In addition, the legislature imposed the academic requirement that the child achieve grades sufficiently good to allow the child to reenroll the following term.

Unfortunately, the majority mixes the purpose of the second criterion for eligibility for child support – completion of a full-time load – with the purpose of the third criterion for eligibility – achieving a minimum academic proficiency in completing that load. This is not what the legislature

intended. Completion of 12 hours of credit should be interpreted to mean just that – completing the hours, whatever the grades given. Academics are sufficiently taken care of under the third criterion.

In conclusion, I note that many students now attending school who flunk one of their courses and only pass 10 or 11 hours of credits will be very surprised at the majority's interpretation of the statute. Surely these students thought that as long as they enrolled in and attended at least 12 hours of classes, and did well enough to be allowed to re-enroll, they would continue to be eligible for child support even if they flunked one class. Apparently, the majority believes that not to be the case. Certainly, it holds it is not the case for Ms. Lombardo. However well she did her semester at junior college, she was not eligible for support during that semester under the majority's ruling. I respectfully disagree with this interpretation of the statute, and dissent.