**Annette MANDEL, formerly Eagleton, Petitioner/Respondent,**

v.

**Mark David EAGLETON, Respondent/Appellant.**

**No. ED 80250.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 2002.

---

1. All subsequent statutory citations are to RSMo 1994, unless otherwise noted.

Lawrence G. Gillespie, Gillespie, Hetlage & Coughlin, L.L.C., Clayton, for appellant.

Stephen G. Bell, Ronald J. Wuebbeling, Law Office of Stephen G. Bell, St. Louis, for respondent.

Before ROBERT G. DOWD, JR., P.J., and WILLIAM H. CRANDALL, JR., J. and MARY K. HOFF, J.

PER CURIAM.

Mark David Eagleton (Father) appeals from the trial court's Judgment and Order denying his Motion for Termination of Child Support. Father alleges the trial court erred in holding that his son (Son) was not emancipated so as to terminate Father's child support obligation. We reverse.

During their marriage, Father and Annette Mandel (Mother) had one child, who was born on December 14, 1981. In February 1985, a dissolution of Father's and Mother's marriage was granted. This judgment was subsequently modified in September 2000, to increase Father's child support obligation.

The uncontroverted evidence at trial revealed the following. After graduating from high school, Son enrolled in Wesleyan University in Middleton, Connecticut, for

the Fall 2000 semester. During the Fall semester, Son played football, experienced homesickness, and underwent surgery due to a broken bone in his face. He completed fourteen hours of course credit that semester, and enrolled for more than twelve hours the following Spring semester. His Spring course schedule included Principles of Biology II and Calculus I. However, Son dropped these two courses at the end of the Spring semester when he realized that he would not make adequate grades in them. Consequently, Son completed only ten hours during the Spring semester. In Fall 2001, Son enrolled as a sophomore at Wesleyan.

On March 6, 2001, Father filed a Motion for Termination of Support alleging that Son had failed to provide him with transcripts or similar official documentation of his college attendance, as required by Section 452.340 RSMo 2000.[1] This section states as follows, in pertinent part:

If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes

his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credit received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.... A child who has been diagnosed with a learning disability, or whose physical disability or diagnosed health problem limits the child's ability to carry the number of credit hours prescribed in this subsection, shall remain eligible for child support so long as such child is enrolled in and attending an institution of vocational or higher education, and the child continues to meet the other requirements of this subsection....

After a hearing, the court found, in relevant part, that Father was relieved of his obligation to pay child support for the Spring semester and Summer 2001 because Son failed to complete twelve hours in the Spring semester and to provide transcripts to Father. Although the trial court held that Father's child support obligation abated during that time period, it concluded Son's failure to comply with the statutory requirements of Section 452.340.5 in the Spring of 2001 did not relieve Father of his responsibility for fu-

1. Subsequent statutory citations are to RSMo   2000, unless otherwise noted.

ture payments, citing *In re Marriage of Kohring,* 999 S.W.2d 228, 234 (Mo. banc 1999).

In civil nonjury cases, we affirm the decision of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). As indicated in *Harris v. Williams,* 72 S.W.3d 621, 623 (Mo.App. E.D.2002), in applying the standard of review found in *Murphy v. Carron* regarding a motion to terminate child support, we defer to trial court's determinations of credibility, viewing evidence and permissible inferences in the light most favorable to the trial court's decision, disregarding all contrary evidence and inferences.

In his sole point, Father first contends the trial court misapplied the *Kohring* decision when the trial court determined that Son's failure to complete the statutory minimum number of course hours did not legally emancipate him.

In *Kohring,* the daughter's only noncompliance with Section 452.340.5 was her failure timely to supply her father with a transcript or other qualifying documentation showing the grades and credits she received during her initial fall and spring semesters of college. *In re the Marriage of Kohring,* 999 S.W.2d at 234. The Missouri Supreme Court held that the father was not obligated to pay child support for the Spring semester, but further concluded the daughter's failure to comply with those reporting requirements of Section 452.340.5 did not emancipate her for purposes of child support. *Id.* In relevant part, the Court stated:

> Despite daughter's failure to comply with the statute to qualify for support for the Spring 1998 term, father is not relieved of future payments for daughter's education expenses. To the extent that daughter complies with the statutory preconditions for subsequent terms or semesters, she remains eligible for parental support until she completes her college education or she reaches the age of twenty-two, whichever first occurs. *Id.*.

Although the broad language employed by the Court in *Kohring* might appear to encompass all of the statutory requirements in Section 452.340.5, the only issue before the Court was whether the daughter's noncompliance with the reporting requirements relieved her father of his obligation to provide child support. Thus, we conclude *Kohring's* language and decision are limited to a child's noncompliance with the reporting requirements of Section 452.340.5 and do not resolve this case. Here, it is Son's non-compliance with the statute's hourly completion requirement that is at issue.

The statute's completion requirement was addressed by the Western District in *Lombardo v. Lombardo,* 35 S.W.3d 386, 390–91 (Mo.App. W.D.2001). In *Lombardo,* the daughter quit high school after turning eighteen, but obtained her General Equivalency Diploma in January of 1998. *Id.* at 388. She enrolled in twelve hours of courses for the fall semester of 1998, but failed six hours of the attempted courses. *Id.* She then transferred to a junior college for the Spring 1999 semester, and again enrolled for twelve hours. *Id.* The noncustodial parent sought to have the daughter declared emancipated for purposes of child support. *Id.* The trial court held the child was emancipated and the parent's support obligation was terminated. *Id.* at 387. The Western District determined the daughter failed to receive the required twelve hours of credit for the Fall 1998 semester, and affirmed. *Id.* at 391. The Western District concluded that the use of the word "completes" in the statutory

phrase requiring dependents to "complete[] at least twelve hours of credit" to remain eligible to receive support meant the dependent had to receive credit for at least twelve hours per semester. *Id.* at 389.

We are persuaded that the *Lombardo* opinion is dispositive of the completion requirement issue here. As the Western District notes, the plain language of the statute requires that the child enroll for and *complete* at least twelve hours of credit each semester.

■ As an alternative basis for upholding the judgment, Mother proposes that Son complied with the minimum completion requirement because, if the year is considered as a whole, Son averaged twelve hours per semester during his first year at Wesleyan. We reject this proposed interpretation of the completion requirement, because Section 452.340.5 expressly states the student must complete, "at least twelve hours of credit *each* semester" (emphasis added). *See In re Marriage of Kohring,* 999 S.W.2d at 233 (provisions of Section 452.340.5 contemplate proof of eligibility for parental support on term-by-term or semester-by-semester basis); *Lombardo,* 35 S.W.3d at 390 (this statutory provision requires student to earn twelve hours of credit per semester). Here, there is substantial evidence to support the trial court's finding that Son failed to complete twelve hours of credits in the Spring semester. Thus, Son was emancipated as of the Spring semester, and Father's obligation of support would have terminated at that time, unless a finding of manifest circumstances permitted waiver of the completion requirement.

Mother also argues that public policy favors upholding the trial court's judgment. She is correct in her assertion that Missouri courts liberally construe the pro-

vision of Section 452.340.5 to be consistent with the public policy of promoting the pursuit of higher education. *Draper v. Draper,* 982 S.W.2d 289, 294 (Mo.App. W.D.1998). However, in evaluating whether the requirements of Section 452.340.5 should be waived, courts consider whether (1) the interruption from the enrollment is temporary; (2) there is an evident intent to re-enroll; and (3) there are manifest circumstances which prevented the continuous enrollment. *Id.* Manifest circumstances are those situations beyond a student's control. *Harris v. Williams,* 72 S.W.3d 621, 624 (Mo.App. E.D.2002). Our courts have found manifest circumstances permitted waiver in instances where the students' inability to regularly attend classes arose from illness, physical disability, financial difficulty, or a parent's refusal to pay child support. *Id.* at 624–25 (financial difficulty); *McNair v. Jones,* 892 S.W.2d 338, 341 (Mo.App. S.D.1995) (refusal to pay support); *Braun v. Lied,* 851 S.W.2d 93, 96 (Mo.App. W.D.1993) (illness or physical disability).

■ Father claims the trial court's failure to find manifest circumstances justified waiver of the completion requirement and that there is not substantial evidence to support such a finding. Father is correct in his assertion that the trial court below did not make a finding that manifest circumstances prevented Son from completing the required twelve hours of credit during the Spring semester. Rather, relying on its interpretation of *Kohring,* the trial court concluded that Son's failure to do so did not result in emancipation; thus, it did not address whether Son's noncompliance was justified. The trial court held that Son's noncompliance did not relieve Father of responsibility for future payments, but only abated his support obligation for the Spring semester and following summer. Because of the trial court's

mistaken reliance on its interpretation of *Kohring*, it failed to make a finding as to whether manifest circumstances would justify waiver of the completion requirement. Despite the trial court's omission, its subsequent holding that Son failed to comply with the statute leads us to believe that the trial court found no manifest circumstances prevented Son's compliance, and the undisputed evidence is sufficient to sustain such a conclusion. Rule 73.01(c).

Our examination of the record does not convince us that Son's noncompliance was due to manifest circumstances such as those previously recognized by Missouri courts. Here, Son dropped two courses at the end of the semester when he realized his grades would be unsatisfactory. Such situations are within a student's control; thus, Son's departure was voluntary. Accordingly, the fact that the interruption in Son's enrollment was only temporary does not justify waiver of the continuous enrollment requirement because the interruption was voluntary. *Harris v. Williams*, 72 S.W.3d at 624.

Based on the evidence in the record on appeal, no manifest circumstances justify waiver of the continuous enrollment requirement. As a matter of law Son, was emancipated as of the Spring semester, and Father's obligation of child support terminated at that time. The judgment of the trial court is reversed.