Stacey SPENCER, Respondent,

v.

Ronald SPENCER, Appellant.

No. ED 82432.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 2004.

Chas. H. Steib, Bini, Steib, Reid & Kohn, P.C., St. Louis, MO, for appellant.

Mary Ann Weems, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Ronald Spencer ("Father"), appeals the judgment of the Circuit Court of St. Louis County, following a hearing on respondent, Stacey Spencer's ("Mother"), motions to modify the terms of the dissolution decree pertaining to college education costs and to determine amounts owed under the dissolution decree. We affirm.

Father and Mother married on December 12, 1981, and they had three children: Brandi, born November 29, 1977, Alexis, born June 22, 1983, and Kristen, born August 28, 1984. The marriage was dissolved on November 14, 1994. The decree included a settlement agreement and custody plan. Pursuant to the decree, Mother assumed primary physical custody of the three children, and Father was ordered to pay child support of $510 per month per child. The parties also agreed that they would evenly split the college costs of Brandi. As for the younger two children, the settlement agreement stated:

"No provisions are made at this time for Kristen and Alexis solely because neither party can speculate as to their re-

spective future financial circumstances. This omission is not intended by the parties to exclude Kristen and Alexis from a college education. However, given their present ages, the parties agree it is unreasonable to set a predetermined arrangement for payment. Therefore, the parties shall meet (with counsel if they desire) during the month of June, of the year 2000 to reach an agreement as to modifying the child support and college education provisions of this agreement based upon the financial status of the parties at the time and other statutory considerations. Neither party shall be precluded, by this language, from seeking a court ordered modification if appropriate."

At the time the dissolution decree was issued, Father worked for the Bussman Corporation and earned over $100,000 per year. Father retired in 2000. Upon his retirement, Alexis and Kristen began to receive monthly Social Security payments of $580.[1] Father filed a motion to modify child support, and the parties entered a consent judgment providing that Father's child support payments for Alexis and Kristen would abate as long as the children received the Social Security benefits.

On August 17, 2001, Mother filed both a motion to modify the terms of the dissolution decree as it relates to the college education costs of Alexis and Kristen and a motion to determine amounts due and owing as to the educational costs of Brandi. Alexis started college at Truman State University in the Fall of 2001, and Kristen started college at Lindenwood University in the Fall of 2002.

On December 23, 2002, the trial court entered its judgment. The trial court held that Brandi did not comply with the notification requirements of Section 452.340.5 RSMo 2000,[2] so she was not eligible for continued support following her first semester of college. The trial court then granted Mother's motion to modify and ordered Mother and Father to each pay one-half of the college costs for Alexis and Kristen. The trial court also sustained Mother's motion to determine amounts due and owing. Father was ordered to: 1) pay $2,894.86 as his contribution toward the college costs of all three children through the date of trial, 2) pay $10,440 to satisfy unpaid child support for Alexis and Kristen through September, 2002, and 3) to pay $510 per month per child retroactive to the institution of Mother's motion to modify. The trial court denied Mother's request for a qualified medical child support order because Mother did not request it in her original motion.

We will refer to additional facts as necessary in the points on appeal.

We affirm the decision of the trial court unless the decision is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will not substitute our judgment for that of the trial court on a motion to modify child support absent a manifest abuse of discretion. *Carey v. Carey*, 84 S.W.3d 469, 471 (Mo.App. E.D. 2002). Further, on review of a motion to modify child support, we review the evidence and credibility of the witnesses in the light most favorable to the trial court's decision. *Id.* at 471–72.

In his first point on appeal, Father argues the trial court erred in ordering

1. Brandi was emancipated by age by this time so she was not eligible to receive Social Security benefits.

2. All further statutory references are to RSMo 2000.

him to pay child support past the eighteenth birthdays of both Alexis and Kristen, because the statutory notice requirements of section 452.340 were not satisfied.

Section 452.340.5 provides, in pertinent part:

If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes said program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. *To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course....* Section 452.340.5. (Emphasis added).

This statute requires proof of continued eligibility for child support payments on a term-by-term or semester-by-semester basis. *In Re Marriage of Kohring,* 999 S.W.2d 228, 233 (Mo.1999). Eligibility for continued support payments during the first semester may be established merely by proof of enrollment in an institution of higher education; it does not appear that the notice requirements apply for the first semester. *Id.*

In this case, father argues that there was not sufficient evidence that Alexis provided the documentation necessary to trigger the extended child support payments pursuant to section 452.340.5. We disagree.

We first note there was sufficient evidence and no dispute that Alexis was enrolled at Truman State University, an institution of higher education. Therefore, because there are no notice requirements for the first semester, Alexis was clearly eligible for continued support during her first semester at Truman State. Likewise, Kristen was enrolled at Lindenwood University. At the time of the hearing, Kristen was in her first semester. She was therefore eligible for continued support as well.

At the time of the hearing, Alexis was in her third semester (the first semester of her second year) at Truman State University. Alexis admitted that she did not send any documents relating to her education directly to Father. However, Alexis did testify that she would send all of her school related documents, including her transcripts with her grades and a list of the courses she was enrolled in, to her maternal grandmother, ("Mrs. Raymer"). Mrs. Raymer would then copy the documents and forward the copy to Father in Arizona. Alexis was aware that Mrs. Raymer copied the documents then forwarded a copy onto Father. Mrs. Raymer testi-

fied that she sent Alexis's grades, letter of intent to enroll at Truman State, and a statement of her account, among other documents to Father.

Father contends that he never received any of the necessary documents directly from Alexis or from Mrs. Raymer. In support of his contention that he did not receive any documents, Father argues that Mrs. Raymer testified that she mailed the documents to an address on Silver Spring Road in Surprise, Arizona, when in fact Father lived on Silver Breeze Drive in Surprise, Arizona. However, Mrs. Raymer testified that she did not know Father's specific address by memory, that she "believed" it was on Silver Springs Road, but that she had the address written down and she looked it up every time she mailed Father documents. Mrs. Raymer further testified that she never received any mail returned as undeliverable because of an incorrect address. After a review of the record, there was substantial evidence to show that Alexis properly sent the required documents to Mrs. Raymer, who would copy the documents and mail them to Father in Arizona.

Father argues that the statute requires the *child*, not a parent or grandparent as in this case, to send the documents. Alexis admitted that she did not mail the documents directly to Father. Therefore, Father argues, the requirements of section 452.340.5 were not satisfied and Alexis cannot be eligible for continued support payments.

■ However, we "liberally construe the provision[s] of Section 452.340.5 to be consistent with the public policy of promoting the pursuit of higher education." *Mandel v. Eagleton,* 90 S.W.3d 527, 531 (Mo.App. E.D.2002). As noted above, there was sufficient evidence to support the trial court's judgment that Alexis mailed the required documents to Mrs.

Raymer, who copied the documents and forwarded the documents onto Father. The fact that Alexis did not directly mail the documents to Father herself does not disqualify her from being eligible for continued support. The trial court stated "[t]here would be no public policy reason that the continued eligibility for parental support should turn on who actually mailed the required information to the noncustodial parent." We agree. Therefore, the trial court did not err in finding Alexis eligible for continued support payments. Point denied.

■ In his second point on appeal, Father argues the trial court erred in not referencing Form 14 and by failing to factor in the ordered college costs for Alexis and Kristen in determining the amount of child support. However, Father did not make a motion to modify the amount of child support. Mother's motions pertained only to college costs and to determine amounts Father owed under the dissolution decree. Absent a motion to modify the child support amount, the trial court properly continued the child support amount established in the original dissolution decree. Point denied.

In his third point on appeal, Father argues the trial court erred in failing to consider his financial resources and ability to pay $510 per month per child in child support, or in the alternative, the ruling was against the weight of the evidence. Father argues that in the time between the hearing on the underlying motion and the original dissolution decree, he has retired and no longer earns over $100,000 per year. Father argues that he does not have the ability to pay the established level of child support and the trial court did not properly consider this evidence.

The trial court, under the "Findings and Conclusions" section of the judgment, stat-

ed "the court has considered the financial resources of the parents." The trial court further stated "[t]he addition of a responsibility for college costs may make the existing child support amount unjust and inappropriate. However, Father did not file a motion to modify the child support or to obtain a partial abatement of the child support. Even if he had filed such requests, the court might find that Father's resources including his present income are sufficient to pay monthly child support and a contribution toward college costs."

The trial court did consider the financial resources of Father. Additionally, we find that the evidence supported the trial court's judgment concerning Father's ability to pay the child support. We note that Father is not precluded by this opinion from filing a motion to modify the child support amount in the future. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J., concur.