**Ronald E. WILKERSON, Appellant,**

v.

**Patricia L. LEONARD f/k/a Wilkerson, Respondent.**

**No. WD 68491.**

Missouri Court of Appeals, Western District.

July 15, 2008.

---

Scott L. Campbell, Platte City, for respondent.

LAURA DENVIR STITH, S.J., P.J.,
LISA WHITE HARDWICK, J., and
JACQUELINE COOK, S.J.

LISA WHITE HARDWICK, Judge.

Ronald Wilkerson (Father) appeals from the denial of his motion to terminate child support. He contends the trial court erred in refusing to declare his daughter emancipated after she failed to complete twelve hours of college credit in a semester, as required by Section 452.340.5,[1] for continuing child support. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Father was divorced from Patricia Leonard (Mother) on September 25, 1986. The parties were awarded joint custody of their daughter, Bridgette Wilkerson, born August 29, 1985, and Father was ordered to pay child support. Bridgette completed high school in May 2004 and enrolled for thirteen hours of classes as Northwest Missouri State University (NWMSU) for the Fall 2004 semester.

In September 2005, the circuit court granted Father's motion to abate child support payments because Father did not receive notice of Bridgette's attendance at NWMSU. The abatement was set to continue until such time as Bridgette provided Father with the requisite notice of her registration and completion of college courses.

In August 2006, Father filed a motion to terminate child support alleging that Bridgette had failed to provide proof of enrollment in college or notice of successful com-

Larry V. Swall, II, Liberty, for appellant.

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

pletion of any college term as required by law. At an April 2007 hearing on the motion, Mother presented a transcript from NWMSU indicating that Bridgette completed thirteen credit hours in the Fall 2004 semester, twelve credit hours in the Spring 2005 semester, eleven credit hours in the Fall 2005 semester, ten credit hours in the Spring 2006 semester, thirteen credit hours in the Fall 2006 semester, and had fourteen credit hours in progress in the Spring 2007 semester. Bridgette testified that, while attending college, she had also worked an average of twenty hours weekly at Applebee's since the Fall of 2005. She presented stubs from her most recent pay checks, indicating that she worked 20.25 hours, 33.49 hours, and 23.43 hours over a three week period.

Following the hearing, the court continued the abatement of Father's child support obligation for the calendar year 2006 based on Bridgette's failure to provide proper notice of college registration and course completion. The court found that Bridgette had provided Father with sufficient notice of registration for the Spring 2007 semester. The court further determined that Bridgette had completed at least nine credit hours per semester and was employed more than fifteen hours per week while enrolled in college, thereby satisfying the requirements for continuing child support under 452.340.5. The court denied the motion to terminate child support and ordered Father to resume payments. Father appeals.

## STANDARD OF REVIEW

In this judge-tried case, we must affirm the judgment unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Smith v. White*, 114 S.W.3d 407, 412 (Mo.App.2003). Upon review of a ruling on a motion to terminate child support, we defer to the motion court's determination of credibility and view the evidence and inferences in a light most favorable to the judgment, disregarding all contrary evidence. *Peace v. Peace*, 31 S.W.3d 467, 470–71 (Mo.App.2000).

## ANALYSIS

Generally, a parent's child support obligation terminates when the child reaches the age of eighteen. Section 452.340.3. Missouri law extends the child support obligation beyond the age of eighteen in certain instances, as set forth in Section 452.340.5: [2]

> If when a child reaches eighteen, ... the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester ... at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has

**2.** Section 452.340.5 was amended effective August 28, 2007, to lower the emancipation age to twenty-one for a child enrolled in vocational or higher education. The judgment in this case was entered prior to that effective date and, thus, the amended statute is not applicable to this appeal.

completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. * * * A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

In his sole point on appeal, Father argues the motion court erred in continuing his child support obligation because there was no evidence to show that Bridgette successfully completed twelve hours of college credit beginning in the Fall semester of 2005. Mother points out that Bridgette was only required to complete nine credit hours per semester because she was working more than fifteen hours per week, as permitted by Section 452.340.5. Father asserts the testimony and documents regarding Bridgette's working hours was speculative and, therefore, did not constitute substantial evidence that she met the requirements for continued child support based on her part-time employment.

■ At the hearing, Bridgette testified that she had worked an average of twenty hours a week at Applebee's since the Fall of 2005. She presented pay stubs for the three pay periods immediately preceding the hearing and testified that she was unable to acquire additional pay stubs from her employer on such short notice. The available pay stubs indicated that she worked an average of 25.72 hours during the past three weeks. Bridgette testified that she had worked more than fifteen hours a week during the entire two-year period she worked at Applebee's. As the finder of fact, the motion court was free to believe or disbelieve all or part of Brid-

gette's testimony. *Pickens v. Brown,* 147 S.W.3d 89, 92 (Mo.App.2004). We must defer to the court's finding that Bridgette provided credible evidence regarding her work hours.

■ The evidence is sufficient to prove that Bridgette worked at least fifteen hours per week while attending college. The only remaining question is whether she completed at least nine hours of college credit for each semester in order to remain eligible for child support under Section 452.340.5. Although the NWMSU transcript indicates she met this requirement, Father disputes that Bridgette actually completed thirteen hours of credit *during* the Fall 2006 semester. Citing *Lombardo v. Lombardo,* 35 S.W.3d 386 (Mo.App.2000), Father argues that Bridgette had two "incomplete" grades when the Fall 2006 term ended and, therefore, she actually completed only seven hours during that semester. We disagree that the temporary incomplete grades warranted termination of her child support.

As Bridgette testified at trial, she initially received an incomplete grade for two courses in the Fall 2006; but she later completed those courses and received full credit for that semester as indicated on the transcript. In determining whether a course has been "completed," *Lombardo* held that a student who had failed courses could not meet the statutory requirements by merely enrolling and attending classes. *Id.* at 389. That situation differs from this case, where Bridgette completed the coursework with a passing grade and had a total of thirteen hours credit for the semester.

### CONCLUSION

The record reflects that Bridgette maintained her eligibility for child support by completing at least nine college credit hours per semester and working at least

fifteen hours per week. In light of this evidence, the circuit court properly determined she was not emancipated under Missouri law. We affirm the denial of Father's motion to terminate child support.

All concur.