DIVISION OF FAMILY SERVICES ex rel. Alysa Michelle LAIR, by Next Friend, Elizabeth Anne Calhoun, and Elizabeth Anne Calhoun, individually, Petitioners/Respondents,

v.

Nels Norman PORTINCASO, Respondent/Appellant.

No. SD 31000.

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 2011.

Motion for Rehearing or Transfer to Supreme Court Denied July 28, 2011.

Application for Transfer Denied
Oct. 4, 2011.

James R. Sharp, Springfield, MO, for Appellant.

Alysa Michelle Lair and Elizabeth Calhoun Penkert, Miles, TX, Respondents pro se.

WILLIAM W. FRANCIS, JR.,
Presiding Judge.

Nels Norman Portincaso ("Father") appeals the judgment denying his motion to terminate child support. Finding no merit

to his claims, we affirm the trial court's judgment.[1]

## Facts and Procedural History

Alysa Michelle Lair ("Child") was born on December 25, 1990, to Father and Elizabeth Anne Penkert ("Mother").[2] On July 26, 1993, the trial court entered an "Order and Judgment" finding Father to be Child's father and ordering him to pay $152 per month in child support. On January 2, 2009, the trial court entered a "Judgment of Modification" increasing Father's child support obligations from $152 per month to $325 per month.

Child graduated from high school in May 2009. Father assumed Child was going to college but never received any information as to where Child was going until September 2009. On September 4, 2009, Father sent Child a letter requesting proof of her enrollment in classes. On September 10, 2009, Mother mailed Father a printout of Child's "Student Detail Schedule." This schedule included Child's total credit hours and information regarding each course; i.e., instructors, level, number of credits, etc. However, course information listed below the headings "Time" and "Days" was blacked out. The schedule indicated Child was attending college at Angelo State University ("ASU").

In December 2009, Father stopped paying child support because he believed the Student Detail Schedule did not comply with section 452.340.[3]

On January 7, 2010, Father was mailed a copy of Child's "Concise Student Schedule." It contained information regarding Child's courses for the 2010 Spring semester. The logo at the top of this document indicated it was from the "ASU Ram-Port."[4] Again, the information listed under the heading "Time" was blacked out. There was also a printout of Child's "Final Grades" for the 2009 Fall semester from the ASU website. The cover letter was from Mother.

On January 14, 2010, Father filed a motion to terminate child support alleging Child had graduated from high school and failed to provide Father with any official document from an institution of vocational or higher education concerning her enrollment or grades.

In February 2010, child support was withheld from Father's wages.

On or around June 14, 2010, Father received documents concerning Child's 2010 Spring grades and 2010 Fall semester schedule.

A hearing was held on July 26, 2010. Mother testified she printed off Child's transcripts from the ASU student portal and sent them to Father. She also testified the blacked-out information was the day and time of the course and she had done this at Child's request as Child did not want Father to try and come see her at school.

Commissioner ruled she did not find the blacked-out portions contained anything

---

1. Our use of the term "trial court" is meant to represent the proceedings conducted before Family Court Commissioner Sue Chrisman ("Commissioner") on July 26, 2010, whose findings were subsequently adopted on December 2, 2010, by Associate Circuit Judge Jason R. Brown and the Circuit Court of Greene County.

2. Elizabeth Anne Calhoun was known as "Elizabeth Anne Penkert" at the time of the hearing on July 26, 2010. When referred to

individually, Alysa Michelle Lair shall be referred to as "Child" and Elizabeth Anne Penkert shall be referred to as "Mother." When referred to collectively, Lair and Mother shall be referred to as "Respondents."

3. All references to statutes are to RSMo Cum. Supp.2008, unless otherwise indicated.

4. The web address at the bottom of this document was "http://ramport.angelo.edu/cp/render."

other than what Mother had testified to, and the documents looked to be official documents of ASU. Furthermore, Commissioner found Child could designate Mother to provide the transcripts and information to Father. Father's motion to terminate child support was denied. Additionally, all future child support payments were ordered to be made directly to Child, and the $600 in back child support being held by the Greene County Circuit Clerk was ordered to be released to Child.

These rulings were memorialized by Commissioner in a docket entry dated July 26, 2010, and signed by Associate Circuit Judge Jason R. Brown. The trial court entered a formal written judgment overruling Father's motion to terminate child support on December 2, 2010. This appeal followed.[5]

Father's first point relied on alleges the trial court erred as a matter of law in not terminating Father's child support because the official documentation of college enrollment was not actually provided by Child as required by section 452.340.5. Father's second point argues the trial court erred in not terminating Father's child support and refunding the money involuntarily withheld from his wages during that period because the documents he was provided were not official documents of the institution as required by section 452.340.5. Accordingly, the primary determinations necessary for resolution of this case are:

1. Did section 452.340.5 require Child, not Child's designee, to actually provide the documentation to the noncustodial parent?

2. Did the printouts of Child's schedule and grades from the ASU student portal constitute adequate notice under section 452.340.5 even if class days and times were concealed?

## Standard of Review

In a court-tried case, appellate review is governed by Rule 84.13(d)[6] and the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[7] Accordingly, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Dolence*, 231 S.W.3d 331, 333 (Mo.App. S.D.2007). As the party challenging the judgment, Father bears the burden of demonstrating error. *Elrod v. Elrod*, 192 S.W.3d 738, 740 (Mo.App. S.D.2006).

## Statutory Framework

"[S]ection 452.340.5 provides for the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met." *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 177 (Mo.App. S.D.2004). Section 452.340.5 provides in pertinent part:

To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution

---

5. Respondents did not submit a brief on appeal. While there is no penalty for that omission, this Court is then forced to adjudicate Father's claims of error without the benefit of whatever arguments Respondents might have raised. *McClain v. Kelley*, 247 S.W.3d 19, 23 n. 4 (Mo.App. S.D.2008).

6. All rule references are to Missouri Court Rules (2010).

7. *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.... Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement.

"[W]e 'liberally construe the provisions of section 452.340.5 to be consistent with the public policy of promoting the pursuit of higher education.'" *Spencer v. Spencer,* 126 S.W.3d 770, 774 (Mo.App. E.D.2004) (quoting *Mandel v. Eagleton,* 90 S.W.3d 527, 531 (Mo.App. E.D.2002)).

### Point I: Child's Designee May Mail Requisite Documentation

■ First, we determine whether section 452.340.5 specifically required Child, as opposed to a designee of Child, to send the documents to Father. Here, it is undisputed that Mother, not Child, actually mailed the documents concerning Child's enrollment and progress at ASU. Father argues "there is no provision in § 452.340.5 R.S.Mo. [sic] where [Child] can designate Mother to provide that information[ ]" and, therefore, the trial court erred as a matter of law in ruling the documents were properly provided to Father. Father's argument is misguided. "Although the statute speaks in terms of the child providing the requisite information, it has been interpreted to mean that the statutory requirements are satisfied if either the

child or the child support obligee provides the mandated information to the child support obligor." *Windsor v. Windsor,* 166 S.W.3d 623, 630–31 (Mo.App. W.D.2005). The fact that Child did not directly mail the documents to Father herself does not disqualify her from being eligible for continued support. *Spencer,* 126 S.W.3d at 774. There is "no public policy reason that the continued eligibility for parental support should turn on who actually mailed the required information to the non-custodial parent." *Id.* The critical requirement is that the child support obligor receive the necessary records. Father's first point is denied.

### Point II: Child's Notice was Adequate

■ Next, we determine whether the transcripts and other documents printed from ASU's student portal, containing enrollment and grade information, were sufficient notification under section 452.340.5 even though the class days and times were blacked out.

In *Waddington v. Cox,* the Eastern District held under a liberal construction of section 452.340.5 that a document other than an official transcript, which depicted grades and credits earned, satisfied the statutory mandate because the language within section 452.340.5 provided that the child could send alternative official documents that were similar to transcripts. 247 S.W.3d 567, 571 (Mo.App. E.D.2008). *Waddington* concluded that a printout of an unofficial transcript from the school's website, which was inalterable, constituted an official document. *Id.; see also Colborne v. Colborne,* 337 S.W.3d 158, 162 (Mo.App. W.D.2011). Here, Child's transcripts also depicted Child's grades and credits earned and were printed from a similar university website.

Father asserts "much of the information concerning the courses in which [Child] was enrolled was blacked out ..."; howev-

er, a review of these records reveals that the only information blacked out was the time and day of the week the course met. This blacked-out information is not required by section 452.340.5. Father further alleges *Waddington* "indicate[s] that the information 'cannot be altered by a student.'" While we recognize the integrity of the document is important, we do not find that Child's documents were altered as prohibited by *Waddington*. In *Waddington*, the Eastern District was emphasizing the fact that the student cannot have the ability to change the information after it has been entered by university personnel.[8] Here, there is no evidence Child had the ability to change her information on the ASU website or that any of the information was changed. Rather, the information regarding the class days and times was merely concealed; all the information required by the statute was included, without any modification. Thus, we do not find the concealed class days and times prevented the documents from constituting the necessary documentation under section 452.340.5. Point denied.[9]

The judgment of the trial court is affirmed.

8. "The information contained in a LORA [Loyola On-line Records Access System] document is otherwise identical to a transcript, is entered into the system by university personnel, and cannot be altered by a student." *Waddington*, 247 S.W.3d at 570.

9. In the argument portion of Father's brief, he raises an additional point not included in the points relied on. Father argues that his obligation for the 2009 Fall semester should have been abated and refunded to him because the printout showing Child's enrollment was not mailed until September 10, 2009, when classes actually started August 24, 2009, and section 452.340.5 requires notice be sent "at the beginning of each semester...." However, we need not make a determination on this issue because no such relief for this time period was requested in Father's motion to terminate child support or at the hearing.

BARNEY, J., concur.

SCOTT, J., concur.

Father did not file his motion to terminate child support until January 14, 2010—after the 2009 Fall semester ended. Father's motion to terminate child support did not specifically request a refund for any child support paid prior to filing his motion. Because this relief was not requested, there is no error in the trial court's failure to grant such relief. Additionally, the record demonstrated that Father voluntarily paid his monthly child support obligation until December 2009. *See Peine v. Peine*, 200 S.W.3d 567, 575 (Mo.App. W.D.2006) (finding "a parent is also not entitled to a refund of child support payments already paid because a parent's payment of child support during a time when a child did not comply with the notice requirements of section 452.340.5 is, in essence, a voluntary overpayment of child support and, therefore, is not refundable.")